PETERS, Judge ad hoc.
This is an appeal from a judgment granting plaintiff permanent custody of the two children born of the marriage between plaintiff and defendant. Defendant, the father of the children and a resident of San Antonio, Texas, was represented by an attorney appointed by the court under LSA-C.C.P. 5091. For reasons to be set out, we reverse and remand.
The fundamental issue for determination is whether defendant received adequate notice of the custody proceedings initiated by plaintiff.
Mrs. Choates filed a petition in Louisiana for custody on August 21, 1975, alleging that a Texas court on August 15, 1975, granted her a divorce, but the court had improperly awarded permanent custody of the children to her husband. An attorney was appointed to represent the absent father, defendant in the custody suit. Previously Mrs. Choates had filed in the District Court in Abbeville an action to have Full Faith and Credit given to a Texas court decree awarding her temporary custody of her children and for a restraining order against the defendant. In this suit the same attorney had been appointed by the court to represent the absent defendant. The attorney sent a letter by certified mail to defendant advising him of the nature of this suit, although he did not enclose a copy of the petition filed by plaintiff. The appointed attorney sent a second letter dated October 6, 1975, by ordinary mail, neither certified nor registered, in which he advised the defendant “This matter has been fixed for trial on October 20, 1975, at 10:00 A.M.” The attorney failed to advise the defendant that this was a different suit and one in which plaintiff was seeking permanent custody of the children. Again a copy of the petition was not furnished to the defendant nor was he ever informed that a new suit had been filed against him. The only indication that two separate suits were involved is the number 35,701 in the upper righthand corner of the second letter, while the number 35,628 had appeared in the upper righthand corner of the first letter. The use of two different suit numbers was not sufficient to inform defendant that two suits were pending against him, and, furthermore, defendant was never informed of the nature of the second suit brought against him. The record does not disclose that defendant ever received any notice plaintiff was attempting to obtain permanent custody of the children.
Plaintiff argues that even if the attorney appointed to represent the absent father failed to fulfill his obligation to use reasonable diligence to communicate with defendant, this failure can have no effect on the validity of the judgment. Plaintiff relies on LSA-C.C.P. 5098. We cannot accept plaintiff’s argument.
Overriding any provision in our Code of Civil Procedure is the Due Process Clause of the Fourteenth Amendment to the United States Constitution. A basic requirement of Due Process is “notice reasonably calculated, under all the circumstances, to apprise interested parties of the *221 pendency of the action and afford them an opportunity to present their objections.” Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). One must look at all the circumstances of a particular case to determine what constitutes adequate notice under the Due Process Clause. Mullane v. Central Hanover Bank and Trust Co., supra.
In the instant case, defendant’s whereabouts were well known to plaintiff and to the appointed attorney. That attorney had sent defendant a letter after the first suit was filed and the return receipt showed that defendant had received this letter. It would have been a simple matter to send another letter to the same address informing defendant that a second suit had been filed and informing defendant of the nature of the second suit. We hold that under these circumstances defendant was not given adequate, notice of the custody suit. For this reason we hereby reverse the judgment of the district court and remand the suit to that court for further proceedings.
Defendant has argued that the judgment appealed from, in addition to violating his rights to Due Process of Law, is also in violation of the Full Faith and Credit Clause of the Constitution because the lower court failed to give Full Faith and Credit to the Texas decree which awarded permanent custody to defendant. We find a consideration of this argument unnecessary at this time. Defendant’s remedy is to present this argument in the district court on remand. We make no findings in regard to defendant’s Full Faith and Credit contentions.
All costs of this appeal are assessed against plaintiff-appellee.
Reversed and remanded.