CIACCIO, Judge.
On December 7, 1987, plaintiff filed suit for worker’s compensation. On December 9, 1987, defendant was served with a copy of the petition and citation. See La.R.S. 23:1315 and La.C.C.P. Arts. 1201 and 1202. On December 21, 1987 — eleven days after service — plaintiff moved for and was granted a preliminary judgment against defendant, who had not yet answered. See La.R. S. 23:1316. On December 22, 1987 — twelve days after service — defendant answered and moved to set aside the preliminary judgment.
Defendant applied for our review of the district court’s refusal to set aside the preliminary judgment. We reviewed the facts as presented by the application, which presentation has not been disputed, and raised an issue not addressed by either party. Finding the issue critical to resolution, we requested and have received briefs on the issue from the parties.
The citation served on defendant instructs defendant to “either comply with the demand ..., or file an answer or legal pleading ... within fifteen (15) days after the service hereof under penalty of default.” (Emphasis ours.) See La.C.C.P. Art. 1202(5). The fifteen days allowed by the citation served on defendant satisfies the general rule of La.C.C.P. Art. 1001, but exceeds the ten days within which to answer provided for in worker’s compensation cases under La.R.S. 23:1315 and 1316. Defendant answered within the fifteen days allowed by the citation, but was faced with a preliminary judgment in favor of plaintiff entered on the eleventh day after service, the day before defendant answered.
The ten days within which to answer under La.R.S. 23:1315 and the sanction of a preliminary judgment for failure to answer timely under La.R.S. 33:1316 certainly were intended to expedite proceedings for worker’s compensation. Citation and service thereof, however, are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null. La.C.C.P. Art. 1201. *626 La.C.C.P. Art. 1202 provides the mandatory formal elements of citation including, “(5) A statement that the person cited must either comply with the demand contained in the petition or make an appearance, either by filing a pleading or otherwise, in the court issuing the citation within the delay provided in Article 1001 under penalty of default.”
Citation is issued on behalf of the court by the clerk in his official capacity. La.C.C.P. Arts. 252 and 1202. Both La.C. C.P. Art. 1001 and La.R.S. 23:1315 allow the court to grant additional time for filing an answer. If defendant is served with citation properly issued by the clerk containing a statement, as required by La.C. C.P. Art. 1202(5), allowing defendant fifteen days to answer, defendant may rely on that statement as providing the legal delay for answering and that within that delay a failure to answer will precipitate no adverse consequences.
Our holding would be the same even if defendant was shown to have not relied on the citation statement and to have been aware that the initial statutory delay for answering is shorter than the delay provided by the citation. Here we depart from and decline to follow the reasoning of our colleagues in Stapleton v. Travelers Ins. Co., 359 So.2d 1051 (La.App. 3d Cir.1978). This is so because of our view of the essential role of citation in civil cases. Without citation and service thereof the proceedings are absolutely null. La.C.C.P. Art. 1202. The parties and the court must be able to rely upon the contents of the citation as initially providing for and invoking the procedural rights of the parties.
If we were to hold that the citation was improper, then any judgment rendered pri- or to an appearance by defendant and in absence of any waiver of citation would be absolutely null. Holding that the citation is proper, we must give procedural effect to its contents. Although issuance of citation is a ministerial duty to be properly carried out by the clerk, as between plaintiff and defendant, plaintiff must bear the burden of insuring correct citation. If the citation bears the wrong name of the person to whom it should be addressed, plaintiff, not defendant, must precipitate the correction by the clerk. If plaintiff finds the citation provides for too long a delay for answering, plaintiff should request that the statement of delay be changed. He cannot expect defendant to complain, nor can he insist that defendant not be allowed the delay provided.
Accordingly, the entry of a preliminary judgment prior to the expiration of the delay for answering provided by the citation served upon defendant, we find to have been premature. We, therefore, reverse that judgment and remand this matter for further proceedings.
WRIT GRANTED; REVERSED.