595 So.2d 367 (1992)
James Arthur MORROW, Jr., Plaintiff-Appellee,
v.
Kimberly Dawn Tapp MORROW, Defendant-Appellant.
No. 23332-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1992.
*368 Barham, Adkins & Tatum by T.J. Adkins, Ruston, for defendant-appellant.
Lewis A. Jones, Ruston, for plaintiff-appellee.
Before NORRIS, BROWN and STEWART, JJ.
BROWN, Judge.
James Arthur Morrow, Jr. sued his wife for a divorce. No specific grounds for the divorce were mentioned in the petition; however, it did state that the parties had physically separated. Plaintiff's intent was to obtain a divorce in accordance with LSA-C.C. Art. 102. Under Art. 102 either spouse may petition for divorce and then, after the expiration of 180 days, obtain a divorce through a rule to show cause. In this type of action the only proof required is that the parties lived "separate and apart continuously (for 180 days) since the filing of the petition".
Mr. Morrow's petition included a request that he be given the "permanent sole" custody of the parties' three year old daughter and the use and occupancy of the family home. No demand for provisional custody or other interim relief was sought in the petition. See LSA-C.C. Art. 105.
The divorce petition was filed on February 8, 1991 and personally served on defendant, Kimberly Tapp Morrow, on February 25, 1991. Defendant did not answer the petition.
A preliminary default on the incidental demand for "permanent sole" custody of the three year old daughter and use of the family residence was entered on March 28, 1991. The preliminary default was confirmed on April 8, 1991 and judgment signed granting plaintiff the "permanent sole" custody of the child as well as the use and occupancy of the home. During this time defendant had moved to Arkansas where she received notice of judgment. She then retained an attorney and lodged this appeal. Under these circumstances we reverse and set aside the judgment awarding "permanent sole" custody and occupancy of the family residence.
The filing of the petition for divorce under Art. 102 is only the initial step in an action that does not fully develop until the passing of 180 days of separation. Because the divorce action was not viable until 180 days after its filing, no answer was required. Comment (c) to Art. 102 specifically provides that "(n)o answer need be made to a petition under this Article. The defense of reconciliation and the various procedural defenses implicit in this Article and Article 3952 et seq. of the Code of Civil Procedure (added 1990) should be raised at the hearing on the rule to show cause ..." The divorce could be granted only after the passage of 180 days and then following a rule to show cause properly served on defendant. LSA-C.C.P. Art. 3952.
*369 Plaintiff did not request an award of interim custody pending the 180 day waiting period. Rather, he sought the "permanent sole" custody of the minor child. The pleadings inferred that the issue of custody would be addressed with the divorce at the end of the 180 day separation period and then only after a rule to show cause had been served on defendant. To contest custody defendant was not required to file an answer to the divorce action nor to the eventual show cause rule. Brooks v. Brooks, 469 So.2d 378 (La.App. 2d Cir.1985).
Because the custody issue was phrased in terms of a permanent rather than interim award and without a rule to show cause, defendant was not clearly notified when to appear to exercise her rights. The default judgment awarding permanent custody suspended defendant's custodial rights without sufficient notice. Due process mandates that defendant be given adequate notice and the opportunity to assert her custodial claims. See Craig v. Craig, 538 So.2d 1159 (La.App. 3d Cir. 1989); Guillory v. LaFleur, 469 So.2d 444 (La.App. 3d Cir.1985); Choates v. Choates, 329 So.2d 219 (La.App. 3d Cir.1976). Permanent custody was part of the divorce demand which would not mature until the running of the 180 day period. When matured, defendant would still be entitled to notice through a rule to show cause pursuant to LSA-R.S. 13:3492. Provisional custody could have been sought at any time by a rule to show cause. This same reasoning is applicable to the issue of the use and occupancy of the family home.

DECREE
For these reasons, the judgment of the trial court awarding permanent sole custody and the use of the family residence to plaintiff is REVERSED and SET ASIDE and this matter is hereby remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed to plaintiff.