PLOTKIN, Judge.
Defendant City of New Orleans (City) appeals a trial court judgment ordering it to execute compromise documents arising out of worker’s compensable injuries to claimant Lloyd F. Price. We affirm.

Facts

Price, who is a firefighter employed by the City, contracted a blood disorder in the course and scope of his employment. On October 19, 1993, the City, acting through an assistant city attorney, wrote Price’s attorney, on City of New Orleans stationery. The letter stated as follows:
As per our conversation of October 19, 1992, this letter is to confirm that the City of New Orleans accepts Mr. Price’s diagnosed condition of Hepatitis “C” as a com-pensable work related injury under 23:1031.1.
It is my understanding that Mr. Price missed miss [sic] no time from work and is making this claim for medical benefits only. As such please provide copies of all related medical and bills in order that we may process this matter as expeditiously as possible.
Should you have any questions regarding this matter please do not hesitate to contact me.
A. copy of that letter, in which the City both admits that the claimant’s “diagnosed condition of Hepatitis “C” is a work related injury and requests copies of “all related medical and bills” so that they can be processed “as expeditiously as possible,” was faxed to the administrative hearing officer assigned the case. Several copies of that letter, all of which contain a notation indicating that the letter was faxed to the hearing officer, appear in the record, and copy of the letter was in fact admitted during the hearing on the matter. See Transcript at page 7. Further, the City does not claim that the letter was never faxed to the hearing officer.
The plaintiffs attorney then submitted the proposed agreement to the hearing officer, who instructed the parties to confect a compromise agreement by November 2, 1992. Plaintiffs counsel prepared the documents and submitted them to the City, which failed to execute them. The hearing officer extended the date to November 12,1992. However, the City still failed to respond. Price then filed a rule to show cause why the City should not be compelled to execute the compromise agreement. Following a scheduled hearing on the matter, for which no representative of the City appeared, the hearing officer issued a judgment compelling the City to execute the appropriate settlement documents based on the October 19, 1993 letter.

Confession of judgment

Price claims that the appeal in the instant case should be dismissed under the provisions of La.C.C.P. art. 2085 because the October 19, 1992 letter from the deputy city attorney to Price’s attorney constituted a confession of judgment. That article provides as follows:
An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.
The above provision was applied to a worker’s compensation case by the Louisiana Supreme Court in Martin v. Holzer Sheet Metal Works, Inc., 376 So.2d 500 (La.1979). In *838 that case, an appeal by the employer in a worker’s compensation case was dismissed because the court found that the employer had orally consented to the judgment in open court. The court held that no particular form is required for a valid judicial confession of judgment, stating as follows:
It is only necessary that the confession occur in the proceedings in the trial court and that it amount to an admission by a party to the validity of his opponent’s claim in such a'way as to leave no issue to be tried.
We find that the October 19, 1992 letter sent by the deputy city attorney to Price’s attorney in the instant case was sufficient under the principles established by the Martin case to constitute a judicial confession. The statements in the letter were sufficient to “amount to an admission by a party to the validity of his opponent’s claim in such a way as to leave no issue to be tried” since the city admitted not only that Price’s injury was worker’s compensable, but also that the city was liable for Price’s medical benefits. The deputy city attorney’s action in faxing the letter to the hearing officer was sufficient to meet the requirement that the confession “occur in the proceedings in the trial court.” Under the circumstances, the hearing officer’s judgment compelling the city to execute the settlement documents was appropriate.
In support of its appeal in this case, the city’s primary argument centers around its contention that the letter in question is insufficient to constitute a valid compromise agreement under the special provision relating to compromise of worker’s compensation claims found in LSA-R.S. 23:1272. That provision requires that the parties to a settlement agreement in a worker’s compensation claim submit a petition “signed by all parties and verified by the employee or his dependent” to the director, who “shall determine whether the employee or his dependent understand the terms and conditions of the proposed settlement”; the statute also allows the director to hold a hearing in order to make such a determination. The city claims that the trial court judgment is wrong because no such signed, verified petition was ever submitted to the director.
We find no merit in this argument. Although a signed, verified petition is indeed required in order to constitute a valid compromise agreement, the trial judge in this case did not find that a valid compromise agreement existed; he simply ordered the defendant to execute the proper settlement documents so that a valid compromise, to which the defendant had judicially confessed by way of the October 19, 1992 letter, could be perfected. Thus, the trial court judgment is not in violation of the special requirements for valid compromise agreements in worker’s compensation cases.

Notice

The City further argues that the trial court judgment should be reversed because the record contains no evidence that the City received valid notice of the hearing on the motion to compel. This argument must fail for two reasons. First, the claimant’s attorney submitted a copy of a letter in which she personally informed the City Attorney of the scheduled hearing. Again, the City does not claim that the City Attorney did not receive this letter, but instead argues simply that nothing in the record shows that the City received notice. However, it is well-settled that the mailing of notice to a party’s attorney of record is sufficient to meet the due process requirements. Coleman E. Adler & Sons, Inc. v. Waggoner, 538 So.2d 1131 (La.App. 5th Cir.1989).
Second, a claim that a judgment was entered in the absence of proper notice is essentially a claim that the judgment is a relative nullity under the provisions of La. C.C.P. art. 2004 because of fraud or ill practice. Such judgments may only be attacked through a motion for new trial, Hicks v. Schouest, 381 So.2d 977 (La.App. 4th Cir.1980), or through the filing of a petition for nullity. See Coleman, 538 So.2d 1181; Viso v. Favie, 502 So.2d 1130 (La.App. 4th Cir.), writ denied 503 So.2d 465 (La.1987). The defendant in this case chose to attack the judgment through the appeals process. The dissent would have us consider those arguments despite the fact that no motion for new trial or petition for nullity has been filed, saying that La.C.C.P. arts. 2005 and 2164 give this court the authority to consider any *839 error of record. However, the codal articles on nullity very clearly delineate the types of nullities which may be attacked collaterally on appeal in La.C.C.P. art. 2002. Judgments obtained in the absence of compliance with procedural due process requirements are not included. Such judgments have always been considered by Louisiana courts as relative nullities. See Coleman 538 So.2d at 1133. Thus, we are foreclosed by the Code, of Civil Procedure from even considering this issue.

Conclusion

Accordingly, the City’s appeal of the trial court judgment compelling it to execute settlement documents is dismissed.

APPEAL DISMISSED.

LANDRIEU, J., dissents with reasons.