733 So.2d 86 (1999)
Linda Sylvester ARCENEAUX
v.
Michael Edward ARCENEAUX.
No. 98-CA-1178.
Court of Appeal of Louisiana, Fourth Circuit.
March 17, 1999.
Writ Denied April 9, 1999.
*87 Michael Edward Arceneaux, Kinder, Louisiana, Defendant/Appellant, In Proper Person.
Court composed of Judge CHARLES R. JONES, Judge MIRIAM G. WALTZER, and Judge PATRICIA RIVET MURRAY.
JONES, Judge.
Defendant/appellant, Michael Arceneaux, appeals, pro se, the divorce judgment granted by the trial court in favor of the plaintiff/appellee, Linda Arceneaux. The defendant argues that the divorce judgment should be declared null and void because he was not given adequate and timely notice of plaintiff's petition for divorce. Further, Mr. Arceneaux argues that he was not given adequate time to prepare his defense for the hearing on the rule for divorce. After a review of the record, we affirm in part, reverse in part and remand for an evidentiary hearing on the issue of granting the permanent injunction.

FACTS
On April 28, 1997, the plaintiff, Linda Arceneaux, filed a Petition for Divorce pursuant to La. Civ.Code article 103, alleging that she and her estranged spouse, Michael Arceneaux, had lived separate and apart for 180 days or longer without reconciliation. The plaintiff also alleged that Mr. Arceneaux, who is currently incarcerated at Dixon Correctional Institution, verbally and physically abused her following their separation.
The trial court qualified the plaintiff as a pauper, and subsequently served Mr. Arceneaux with the Petition for Divorce on May 19, 1997. Unbeknownst to the defendant, the trial court granted a judgment of divorce against him on May 21, 1997, without requiring the plaintiff to take a default judgment. On May 30, 1997, Mr. Arceneaux filed a motion styled "Motion to Traverse Affidavit of Poverty," and later filed an Answer to the Petition for Divorce on June 2, 1997.
Upon learning that the judgment of divorce had already been obtained, Mr. Arceneaux filed supervisory writs with this Court on July 15, 1998. In response to *88 Mr. Arceneaux's writ application, this Court transferred the matter to the district court with instructions to treat Mr. Arceneaux's answer to the Petition for Divorce as a "Petition for Nullity or a Motion for a New Trial."
The trial court then scheduled a rule to show cause hearing for December 2, 1997.[1] The hearing date was subsequently continued until February 4, 1998. Following the hearing on February 4, 1998, the trial court granted a permanent injunction against the defendant, assessed all costs against him, and ratified its previous judgment of divorce signed on May 21, 1998. From this judgment, defendant appeals.

FIFTEEN-DAY NOTICE
Though the defendant cites thirteen (13) specific assignments of error in his appeal, we find that there are three specific assignments of error raised by Mr. Arceneaux: (1) did Mr. Arceneaux receive adequate notice; (2) did the trial court improperly continue the hearing on the temporary restraining order; and (3) did the trial court err in granting the permanent injunction against Mr. Arceneaux.
LSA-C.C.P. art. 3952 requires that the defendant in a divorce action be served with the Petition for Divorce unless the defendant has expressly waived such service. Service is necessary because the defendant must answer the Petition for Divorce within fifteen days, otherwise the plaintiff may seek to obtain a default judgment against the defendant. See LSA-C.C.P. arts. 1001 and 1701.
According to the citation attached to the Petition For Divorce served upon Mr. Arceneaux, he was given fifteen (15) days from the date of receipt to file an answer or other legal pleading with the Clerk of Court for Orleans Parish. Since the defendant was served on May 19, 1997, Mr. Arceneaux had until June 2, 1997 to file his answer, which he did. The fifteen-day delay period satisfies the general rule of La.C.C.P. Art. 1001. See Vicknair v. City of New Orleans, 522 So.2d 624 (La. App. 4 Cir.1988). Therefore, scheduling the rule to show cause hearing for May 21, 1997, and subsequently signing a judgment of divorce on this date was clearly wrong.
LSA-C.C.P. art.2002 provides in pertinent part:
A. A final judgment shall be annulled if it is rendered:
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
See also Morrow v. Morrow, 595 So.2d 367 (La.App. 2 Cir.1992). Nevertheless, judgments obtained in the absence of compliance with procedural due process requirements are not included [in La. C.C.P. art. 2002]. See Price v. City of New Orleans, 632 So.2d 836 (La.App. 4 Cir.1994), rev'd on other grounds, 94-0609 (La.4/29/94), 637 So.2d 452. Thus, judgments of divorce that are obtained without the taking of a valid default judgment are considered by this Court to be relative nullities. Id; cf. Coleman E. Adler & Sons v. Waggoner, 538 So.2d 1131 (La.App. 5 Cir.1989). Nevertheless, a relatively null judgment can be confirmed. Hessick v. Petro Publications, Inc., 96-0034 (La.App. 1 Cir. 11/8/96), 684 So.2d 466, writ denied, 97-0332 (La.3/21/97), 691 So.2d 89.
Clearly, the defendant attempted to contest the divorce when he filed his answer to the Petition for Divorce on June 2, 1997. This Court recognized that the judgment was a relative nullity, and subsequently ordered the trial court to treat his "Answer" as a Petition For Nullity. Yet, Mr. Arceneaux continued to argue that he *89 was not given timely notice or adequate time to prepare his defense. We disagree.
On December 2, 1997, the trial court informed Mr. Arceneaux that the hearing was continued until December 17, 1997, whereby the court would entertain matters concerning the rule for divorce and the permanent injunction. Mr. Arceneaux was also informed to bring whatever evidence he needed to defeat the plaintiffs request for a permanent injunction. The trial court continued the matter again to February 4, 1998.
The record reflects that on February 4, 1998, Mr. Arceneaux did not dispute the fact that the parties separated on October 24, 1995, and that they remained separated without reconciliation up until the plaintiff filed her Petition for Divorce on April 28, 1997. See Simon v. Simon, 96-876 (La. App. 5 Cir. 5/14/97), 696 So.2d 68. Though Mr. Arceneaux argued that the separation did not become voluntary until he became aware of his estranged spouse's infidelity (i.e., April 1996), he did not introduce any evidence at the hearing to support this allegation. Therefore, we find that the requisite six-month separation period was satisfied nonetheless. See LSA-C.C. art. 103(1).
Nevertheless, we note that the trial court's decision to waive the Motion for Nullity and ratify the judgment of May 21, 1997 was in error. Should we allow the ratification to stand then we, like the trial court, would be making this relatively null judgment effective. Though the trial court may confirm a relatively null judgment, it cannot make its confirmation relate back to the date that judgment became relatively null because Mr. Arceneaux was not given timely notice of the petition for divorce. La.C.C.P. art.2002. The judgment should have been confirmed and made effective on the date that the trial court made its ruling. Therefore, we affirm the judgment of divorce granted by the trial court; however, we amend the judgment of divorce to make it effective on February 4, 1998, which is the date the trial court concluded that the requisite six-month separation period had been satisfied.

EXCESSIVE CONTINUANCES
In this assignment of error, Mr. Arceneaux argues that the trial court was clearly wrong in granting multiple continuances in favor of the plaintiff when the plaintiff failed to adequately prove her allegations of verbal and mental abuse.
According to a plain reading of Mrs. Arceneaux's Petition for Divorce, it appears that Mrs. Arceneaux was requesting a [temporary] restraining order against Mr. Arceneaux because of the humiliation, and the mental and verbal abuse that she suffered from Mr. Arceneaux. However, the original judgment of divorce, which was signed on May 21, 1997, did not address the issue of the restraining order.
Nevertheless, we pretermit any discussion on the issue of a temporary restraining order in light of La. C.C.P. art. 3612, which prohibits appeals relating to temporary restraining orders.

PERMANENT INJUNCTION
In this assignment of error, Mr. Arceneaux argues that the trial court erred in granting the permanent injunction because there was no evidence presented by the plaintiff to substantiate her claim of verbal and mental abuse. Moreover, Mr. Arceneaux argues that the plaintiffs selfserving testimony, without more, is insufficient to show irreparable harm or damage to the plaintiff. Thus, he argues that a permanent injunction should not have been granted. Again, we agree.
Mrs. Arceneaux, an employee of the Internal Revenue Service for twelve years, testified that Mr. Arceneaux repeatedly telephoned her on her job, sent her threatening letters, and caused her not to be considered for several promotions with the IRS. Mrs. Arceneaux also testified that the harassment, which continued for three years, caused her emotional as well as financial hardship.
*90 Mr. Arceneaux, on the other hand, argues that he could not have harassed or threatened the plaintiff in the manner that she described because he is currently incarcerated in another parish. Moreover, he argues that the telephone system at the prison prohibits him from making long distance telephone calls to harass or threaten others. In addition, Mr. Arceneaux argues that the plaintiff did not submit any documentation or evidence to support her claims of harassment, financial and emotional damages or verbal abuse.
Mr. Arceneaux further argues that though he knew of the plaintiffs desire to obtain a divorce, he was not notified that the hearing on February 4, 1998, would encompass information concerning verbal and mental abuse. Thus, Mr. Arceneaux argues that that portion of the judgment relative to a permanent injunction should be reversed.
If a temporary restraining order is granted without notice, the matter shall be set within ten days for a rule to show cause why the protective order should not be issued, at which time the petitioner must prove the allegations of abuse by a preponderance of the evidence. (Emphasis added). Proof by a preponderance of the evidence is sufficient where the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Bandy v. International Paper Co., 29,085 (La.App. 2 Cir. 2/26/97), 690 So.2d 902, 905, writ denied 97-1101 (La.6/20/97), 695 So.2d 1354.
In essence, the party who is carrying such burden of proof must prove every element of his case. Collins v. McElveen, 96-633 (La.App. 3 Cir. 11/6/96), 682 So.2d 978, 979. (Emphasis added). However, if the party bearing the burden of proof fails to satisfy his burden by the requisite preponderance, his case fails to outweigh his adversary's and he necessarily loses. Id.
In the cause sub judice, we find that Mrs. Arceneaux did not carry her burden of proof. Even though she identified several co-workers who could substantiate her claims of abuse on her job, none of those co-workers were called to testify at the February 4, 1998 hearing. The record also reveals that Mrs. Arceneaux called the school where her child is enrolled, hoping to alert school officials of the possible danger her child might encounter from the defendant or someone acting on his behalf. Yet, no one from the child's school testified at this hearing of receiving such a call or being made aware of any threats from Mr. Arceneaux to the child.
Moreover, Mrs. Arceneaux did not place in the record the copies of the letters she claimed were sent to her by the defendant, and she did not testify of the emotional damage she suffered from the alleged abuse. Though Mrs. Arceneaux's testimony was fact-specific, it remained uncorroborated. Therefore, it was error for the trial court to grant a permanent injunction against Mr. Arceneaux without clear evidence of the alleged threats or proof of Mrs. Arceneaux's financial and emotional damages from these alleged threats.
According to the transcript of February 4, 1998, Mr. Arceneaux repeatedly argued that the trial court prevented him from introducing evidence in the record to show that the prison telephone system prohibits inmates from making harassing telephone calls[2]. While both parties are in proper person for this appeal, Mrs. Arceneaux was represented by counsel for the trial, and it was incumbent upon Mrs. Arceneaux's attorney to introduce sufficient evidence and testimony to show her client's entitlement to a permanent injunction. Moreover, the defendant is not required to provide a defense *91 if the plaintiff does not meet his burden of proof. Bond v. Allemand, 632 So.2d 326 (La.App. 1 Cir.1993), writ denied, 94-0718 (La.4/29/94), 637 So.2d 468. (Emphasis added).
Mr. Arceneaux attached a copy of the telephone manual which outlines the procedures used for making telephone calls at the prison as an exhibit in his appellate brief; however, we pretermit any discussion on this issue because appellate briefs are not classified as part of the record on appeal. Barrois v. Wal-Mart Stores, Inc., 97-636 (La.App. 5 Cir. 11/25/97), 703 So.2d 798. Furthermore, this Court is not a court of first impression, and we cannot review or accept evidence that was not before the trial court. See Uniform Rules, Courts of Appeal, Rule 1-3; see also Our Lady of the Lake Hosp. v. Vanner, 95-0754 (La.App. 1 Cir. 12/15/95), 669 So.2d 463. Therefore, we reverse the trial court's ruling granting the permanent injunction, and remand for an evidentiary hearing on this issue.

DECREE
For the foregoing reasons, we amend the judgment of the trial court granting the judgment of divorce to make it effective for February 4, 1998, and we pretermit discussion on the issue of the temporary restraining order in light of La.C.C. P. art. 3612. Finally, we reverse the granting of the permanent injunction. However, in the interest of justice, we remand this case to the trial court for the sole purpose of conducting an evidentiary hearing on the issue of granting the permanent injunction.
REVERSED IN PART; AMENDED AND AFFIRMED AS AMENDED; AND REMANDED.
MURRAY, J., CONCURS IN THE RESULT
NOTES
[1] The defendant took a second supervisory writ to enforce this Court's order of July 25, 1997. However, this writ was denied as moot because a rule date had already been set by the trial court.
[2] In conjunction with Mr. Arceneaux's argument, the deputy who escorted Mr. Arceneaux to court on the day of trial, stated on the record that inmates are generally not informed of the substance of the proceedings for which they are subpoenaed to appear.