NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-1191


PRESTON J. DORE, JR., ET AL.

VERSUS

STATE FARM MUTUAL AUTO INS. CO., ET AL.


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 104786-A
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Michael G. Sullivan, Judges.

AFFIRMED.

Raymond Morgan Allen
Allen Law Office
P. O. Drawer 3204
Lafayette, LA 70502
(337) 232-9918
Counsel for Defendant/Appellee:
State of LA, Thru The DOTD

**Preston Miller Summers**
**Attorney at Law**
**P. O. Box 86**
**Abbeville, LA 70511-0086**
**(337) 893-0169**
**Counsel for Plaintiffs/Appellants:**
**Preston J. Dore, Jr.**
**Carrie Lynn Harris Dore**

**Kenny Layne Oliver**
**Oliver & Way**
**P. O. Box 80655**
**Lafayette, LA 70598-0655**
**(337) 235-2112**
**Counsel for Defendants/Appellees:**
**State Farm Mutual Auto Ins. Co.**
**Michael Goode**
**Overton Construction**

**Michael Edward Parker**
**Allen & Gooch**
**P. O. Drawer 3768**
**Lafayette, LA 70502-3768**
**(337) 291-1350**
**Counsel for Defendant/Appellee:**
**Gilchrist Construction Co.**

**Mark Reese Pharr, III**
**Galloway, Johnson, Tompkins, Butt & Smith**
**4021 Ambassador Caffery, Building A, Suite 175**
**Lafayette, LA 70503**
**(337) 735-1760**
**Counsel for Defendant/Appellee:**
**Scottsdale Ins. Co.**

**SAUNDERS, Judge.**

Plaintiffs, Preston J. Dore, Jr. and Carrie Lynn Harris Dore, filed suit against five defendants including, the State of Louisiana Department of Transportation and Development (DOTD) and Gilchrist Construction Co., LLC (Gilchrist), for damages arising out of a motorcycle/automobile accident, alleging general negligence, as well as failure to provide supervision such as safety instruction, failure to properly supervise signage and flagmen, failure to regulate traffic, and/or failure to ascertain whether safety instruction had been provided. Plaintiffs subsequently filed an amended petition, asserting claims against an additional defendant. Before the matter came to trial, DOTD and Gilchrist filed motions for summary judgment. After examining all the documentary evidence and testimony at the hearing on the motion, the trial court determined that there was no genuine issue of material fact and granted summary judgment in favor of Defendants, DOTD and Gilchrist. Plaintiffs subsequently filed a motion for new trial, which was denied by the trial court. Plaintiffs then filed a second amended petition, and now appeal the grant of summary judgment in favor of Defendants, DOTD and Gilchrist, arguing that the trial court erred in granting the summary judgments, dismissing all claims against Defendants and designating the judgment granting summary judgment in favor of DOTD as a final judgment, as there were amending pleadings filed asserting new causes of action against Defendants. We affirm the decision of the trial court.

**FACTS AND PROCEDURAL HISTORY**

The instant litigation arises out of a collision that occurred on March 9, 2004, in which Preston J. Dore, Jr.'s motorcycle struck the side of Michael Goode's pick-up truck. The collision occurred at the intersection of Louisiana State Highway 83 and Louisiana State Highway 90 in Iberia Parish, Louisiana. At the time of the

accident, Mr. Goode was in the course and scope of his employment with Overton Construction Co., Inc. (Overton), and although he had only been working in the construction business for two years, he was working as a supervisor on a construction project along Highway 90. For this project, Gilchrist Construction Co., LLC (Gilchrist) had subcontracted with Overton to install drainage pipes on a portion of the Highway 90 overpass being constructed over Highway 83. DOTD had contracted with Gilchrist for the construction of the overpass.

Mr. Dore was traveling northbound in the lefthand lane of Highway 83 on his motorcycle when Michael Goode pulled his pickup truck, which had been parked on the shoulder of Highway 83 in a construction zone, across the two northbound lanes of traffic to reach the median. Mr. Goode testified that although he looked to his left before pulling off the shoulder and across the lanes of travel, he did not see Mr. Dore, and he pulled into Mr. Dore's lane of travel, causing Mr. Dore to collide with the side of his truck. As a result of the collision, Mr. Dore sustained severe lacerations to his forehead and left eye, as well as a concussion.

On March 4, 2005, Mr. and Mrs. Dore, filed suit against Mr. Goode, Overton, DOTD, and State Farm Mutual Automobile Insurance Co. (State Farm) to recover damages incurred as a result of the accident. In their petition, Plaintiffs alleged general negligence as well as failure to provide supervision such as safety instruction, failure to properly supervise signage and flagmen, failure to regulate traffic, and/or failure to ascertain whether safety instruction had been provided. Additionally, Carrie Lynn Harris Dore, who married Mr. Dore on April 8, 2004, asserted a claim for loss of consortium in the petition.

2

A motion for summary judgment was filed on behalf of Gilchrist on December 28, 2005, and the hearing on said motion was set for March 1, 2006. DOTD filed a motion for summary judgment on January 9, 2006. After the hearing on both motions on March 1, 2006, the trial court granted summary judgment in favor of DOTD and Gilchrist, thereby dismissing all claims against them. The trial court reasoned that there was no evidence presented to show Defendants' failure to train Mr. Goode, nor was there any indication that had Mr. Goode been trained, what training might have been provided to avoid an accident such as the one at issue. Moreover, it was not suggested by Plaintiffs what additional signage, flagmen, or warnings would have been necessary. Plaintiffs filed a motion and rule for a new trial on March 16, 2006, and the hearing on said motion was set for April 21, 2006.

The trial court heard oral argument on Plaintiffs' motion for a new trial on April 21, 2006. After hearing the arguments, the trial court denied the motion, adopting the reasons for judgment assigned on March 1, 2006. Plaintiffs then filed a second amending petition on April 24, 2006 and filed the affidavit of Duaine Evans, an expert in highway safety, on June 12, 2006. Plaintiffs now appeal, with four assignments of error.

**ASSIGNMENTS OF ERROR**

1) The trial court erred in designating the judgment in favor of DOTD's motion for summary judgment as a final judgment, thereby dismissing all claims against it, when amended pleadings had been filed detailing additional causes of action against DOTD.

2) The trial court erred in dismissing all claims against Gilchrist in its grant of summary judgment in favor of Gilchrist.

3) The trial court erred in determining that there was no genuine issue of material fact and that summary judgment was appropriate.

4) The trial court erred in determining that Defendants, Gilchrist and DOTD, were entitled to judgment on the facts as a matter of law.

**STANDARD OF REVIEW**

Appellate courts conduct a *de novo* review of rulings on motions for summary judgment. "It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." *Alfred Palma, Inc. v. Crane Servs. Inc.,* 03-0614, p.3 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774, quoting *Shelton v. Standard/700 Associates*, 01-587, p.5 (La. 10/16/01), 798 So.2d 60, 64-65; La.Code Civ.P. art. 966(B).

**LAW AND ANALYSIS**

**Assignments of Error Nos. 1 & 2:**

Plaintiffs argue that the trial court erred in making the judgments granting summary judgment in favor of DOTD and Gilchrist final judgments. Plaintiffs assert that they should be partial judgments, as the trial court allowed an amendment of the pleadings, indicating that the May 9, 2006 judgment was a partial summary judgment, in accordance with La.Code Civ.P. art. 1915(B), which provides, in pertinent part:

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
>
> (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

4

(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.

(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues or theories, whether in anoriginal demand, reconventional demand, cross claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any order or decision which adjudicated fewer than all claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of all the judgment adjudicating all the claims and the rights and liabilities of the parties.

The judgment granting summary judgment in favor of DOTD was submitted and signed by the trial court on March 10, 2005. The judgment provides, "Furthermore, this judgment is being designated as a final judgment in accordance with Louisiana

Code of Civil Procedure Article 1915."[1] Plaintiffs argue that pursuant to comment 1984[2] of Article 966, summary judgment on the issue of liability is a partial final judgment and it should be designated as such, as there was no express determination that there is no just reason for delay, as required by art. 1915(B)(1). It is Plaintiffs' position that they are entitled to proceed with their case as set out in their second amended petition against Gilchrist and DOTD, and the judgments dismissing all claims against Defendants, DOTD and Gilchrist, should be amended to provide that they are partial summary judgments.

Defendants counter Plaintiffs' position, arguing that although Plaintiffs filed an amending petition in December 2005, there were no new allegations of negligence asserted against them in the pleading, and therefore Plaintiffs are not entitled to proceed with their case. Defendants further point out that the hearing on the motions for summary judgment filed by them individually was held, and the motions were granted on March 1, 2006, with the trial court giving its reasons for judgment in open court. The judgment granting summary judgment in favor of DOTD and the judgment granting summary judgment in favor of Gilchrist Construction Co. were signed on March 10, 2006 and March 13, 2006, respectively. They further point out that Plaintiffs' second amending petition was not filed until April 24, 2006, approximately six weeks after the judgments were signed by the trial court. Therefore, any new

---

[1]The judgment granting summary judgment in favor of Gilchrist was not designated as a final judgment.

[2]Comment 1984 provides: "The effect of the amendment is to make a summary judgment on the issue of liability a partial final judgment. This brings Article 966 into accord with the other provisions of the Code of Civil Procedure dealing with partial final judgments–see Articles 1841 and 1915, especially 1915(A)(5). The word 'liability' is used in its broad sense and is not limited to delictual liability.

6

causes of action alleged in the second amended petition were not at issue when the judgments were rendered.

Defendants assert that the judgments granting summary judgment and dismissing them from the case constitute final partial judgments by definition, as Plaintiffs stated in their brief. However, they argue that because all claims asserted by Plaintiffs were disposed of, the judgments are not a partial summary judgments. Rather, they are partial final judgments, and La.Code Civ.P. art. 1911 provides that if a partial final judgment is rendered pursuant to La.Code Civ.P. art. 1915(A), it is not required to be designated as a final judgment.

In the instant case, the March 10, 2006 judgment and the March 13, 2006 judgment on Defendants' motions for summary judgment dismissed all claims asserted against Defendants at that time. Plaintiffs' amending petition filed in December, 2005, asserted no new causes of action against Defendants, and their second amending petition was not filed until approximately six weeks after the judgments granting summary judgment and dismissing all claims against Defendants were filed. Therefore, we find that the judgments are partial final judgments under La.Code. Civ.P. art. 1915(A). See *Motorola, Inc. v. Associated Indem. Corp.*, 02-716 (La.App. 1 Cir. 4/30/03), 867 So.2d 715, *appeal decided*, 02-716 (La.App. 1 Cir. 6/25/04), 878 So.2d 824, *writ denied*, 04-2314 (La.11/19/04), 888 So.2d 207, *writ denied*, 04-2323 (La. 11/19/04), 888 So.2d 211, *writ denied*, 04-2326, 04-2327 (La. 11/19/04), 888 So.2d 212. Therefore, under La.Code. Civ.P. art. 1911, designation of the judgments as final judgments is not required.

Plaintiffs further argue that "subsequent amendment of the pleadings as allowed by the court indicated that the Judgment of May 9, 2006, is a partial Summary

Judgment in accordance with Article 1915 A of the Code of Civil Procedure. . . ." However, Plaintiffs are referring to the judgment rendered on their motion for a new trial, which has not been appealed to this court. Thus, we may not consider any oral argument or testimony from that hearing as evidence, as it is not properly before us.

We find the trial court's judgments granting summary judgment in favor of DOTD and Gilchrist to be partial final judgments by definition, dismissing all Plaintiffs' existing claims against Defendants.

**Assignments of Error Nos. 3 & 4:**

Plaintiffs argue that material issues of fact remain, and therefore, DOTD and Gilchrist are not entitled to summary judgment as a matter of law. La.Code Civ.P. art. 966. To support their position, Plaintiffs offer the report of Mr. Evans, who reviewed the deposition of Mr. Goode and opined that had Mr. Goode received the proper training with regard to work zone safety, it is likely that the accident at issue would not have occurred. Defendants point out, however, that Mr. Evans' report was not submitted to the trial court until June 12, 2006, well after it had rendered its opinion on Defendants' motions for summary judgment and denied Plaintiffs' motion for a new trial. Therefore, the trial court never had the opportunity to review Mr. Evans' report.

It is well settled in Louisiana jurisprudence that appellate courts cannot review evidence that has not been before the trial court, as they are not courts of first impression. *See* Uniform Rules, Courts of Appeal, Rule 1-3, *Arceneaux v. Arceneaux*, 98-1178 (La.App. 4 Cir. 3/17/99), 733 So.2d 86, *writ denied*, 99-518 (La. 4/9/99), 740 So.2d 633, *writ not considered*, 99-1351 (La. 6/25/99), 745 So.2d 642. Therefore, the

8

report of Mr. Evans is not properly before us, and accordingly, we will not consider it.

Plaintiffs further argue that a material issue of fact exists as to whether the "unusual nature of working on a construction site in the middle of a public highway requires safety training." They argue that although Mr. Evans' report was not submitted until after the trial court's opinion was rendered, they "believe that the opinion expressed is a common sense opinion regarding safety and can be adopted by the [appellate] court." As stated above, this court cannot consider an opinion as a form of evidence if it was not first introduced at the trial court level; we certainly cannot "adopt" an opinion as "common sense" when it has not properly been admitted into evidence and weighed by a trial court.

Pursuant to La.Code Civ.P art. 966(C)(2), if the party who moves for summary judgment is not the party who bears the burden of proof at trial, he only has to point out to the trial court that there is an "absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." Once he has done so, the burden shifts to the adverse party to prove there is "factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial." *Id.* If he fails to produce such support, there is no genuine issue of material fact. In this case, both DOTD and Gilchrist presented evidence that they had no duty to train or supervise Mr. Goode to prevent an accident such as the one at issue. They also testified that all the appropriate warning and construction signs were in place at the time of the accident and that no additional signs or flagmen were necessary. Plaintiffs point out that Mr. Goode was new to the construction business and had no particular

9

knowledge of highway construction and no particular highway training, as he had spent most of his life as a farmer. However, as the trial court noted in its reasons for judgment, Plaintiffs presented no evidence that had Mr. Goode been trained, the accident would not have happened. The record reflects that Mr. Goode is a licensed driver, and as such, he should know the traffic laws and would be expected to proceed with caution when leaving the shoulder and entering lanes of traffic. Mr. Goode testified that he looked to his left and did not see the Plaintiff, who was clearly in a position to be seen. The duty to see what is to be seen is one common to all motorists, and Plaintiffs have not shown or suggested how additional training of any kind would have taught Mr. Goode to see the obvious and thus, have prevented the accident.

Based on the record, we find that Defendants have met their burden of proof under La.Code Civ. P. 966(C)(2). However, we find that Plaintiffs have failed to produce factual support sufficient to satisfy their evidentiary burden of proving at trial the fact that Defendants contributed to the accident through their failure to train Mr. Goode. Therefore, we find that there is no genuine issue of material fact that would preclude the granting of summary judgment in favor of Defendants. *Id.* Accordingly, we hold that the trial court did not err in granting summary judgment in favor of Defendants, DOTD and Gilchrist.

**CONCLUSION**

We do not find that the trial court erred in making the judgments granting summary judgment in favor of the State of Louisiana, Department of Transportation and Development and Gilchrist Construction Co., LLC, final judgments, thereby dismissing all claims against them, as the amended pleadings detailing additional

10

causes of action against Defendants were filed after the judgments were signed. Accordingly, we do not find that the trial court erred in designating the judgment in favor of the State of Louisiana, Department of Transportation and Development as a final judgment. Additionally, we do not find that the trial court erred in granting summary judgment in favor of Defendants, the State of Louisiana, Department of Transportation and Development and Gilchrist Construction Co., LLC, as we find there is no genuine issue of material fact, and accordingly, Defendants are entitled to judgment as a matter of law. The judgment of the trial court is affirmed. Costs of the appeal are assessed against Plaintiffs.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.