509 So.2d 486 (1987)
Carl HARRIS, Plaintiff-Appellant,
v.
AETNA INSURANCE COMPANY, et al., Defendants-Appellees.
No. 86-433.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1987.
*487 Jack F. Owens, Jr., Harrisonburg, for plaintiff-appellant.
David H. Nelson, of Theus, Grisham, Davis & Leigh, Monroe, for defendants-appellees.
Before LABORDE and YELVERTON, JJ., and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Judge, Retired, Pro Tem.
This is a suit for damages for personal injuries. The plaintiff, Carl A. Harris, driving a dump truck, attempted to pass from the rear of a pickup truck and trailer driven by defendant, James R. King. Defendant turned left into a private driveway and his pickup was struck by plaintiff's dump truck. Plaintiff received personal injuries. He sued King and his liability insurer, Aetna Casualty and Surety Company. Following trial on the merits, the court rendered judgment, with accompanying written reasons, in favor of defendant, dismissing plaintiff's claim, the court finding that the sole cause of the accident was plaintiff's negligent conduct. Plaintiff appeals.
The substantial issue on appeal is whether defendant King was negligent in making his left turn.
The trial judge has given excellent written reasons finding the facts and correctly applying the law. We adopt his reasons as our own:
"The Defendant, while driving a pickup truck and trailer loaded with voting machines, made a left turn into a driveway leading to the Police Jury barn. Plaintiff, who was driving a truck which had not been licensed or inspected since 1981, nor had it actually been driven since 1981, had followed Defendant for some time and attempted to pass him on the left after the Defendant had commenced his left turn. A collision occurred which Plaintiff alleges to have caused him the damages sought in this litigation.
The accident occurred on a State highway immediately past a highway intersection where a no passing zone existed.
In such situations the law imposes a duty on both the left turning motorist and the overtaking and passing motorist. The duty imposed upon the Defendant, left turning motorist, is specifically set forth in R.S. 32:104. The duty of the Plaintiff, the overtaking and passing motorist in this case, is specifically set forth in R.S. 32:73 and 75.

*488 Jurisprudence confirms statute law by holding that both the left turning motorist and the overtaking and passing motorist are engaged in dangerous maneuvers to be exercised with a high degree of care. (See Shellins v. Colar, 464 So.(2)[sic] 894 (La.App. 4 Cir.1985).
It is my opinion, under the facts of this case, that the Plaintiff breached his duty and the Defendant did not breach his duty. In other words, Defendant exercised a high degree of care and Plaintiff did not. This accident was caused solely by the Plaintiff's negligent conduct.
Of particular importance in this case are the following facts:
a. Defendant fully complied with the law governing left turns, gave the proper timely left turn signal, and was proceeding at a proper rate of speed.
b. Plaintiff did not observe the left turn signals given by the Defendant although he had ample opportunity to do so.
c. The collision occurred after the Defendant was well into the completion of his left turn maneuver on the left edge of the roadway.
d. The Plaintiff's vehicle struck the Defendant's vehicle near its left front.
e. Plaintiff did not blow his horn or give the Defendant any advance notice of his intent to pass."
The accident occurred during daylight on a two-way two-lane highway in a rural area.
On appeal, plaintiff contends first that defendant was negligent in not looking behind him to check for overtaking traffic before he commenced his left turn. Plaintiff testified his dump truck was in the left lane almost even with defendant's pickup when defendant started his left turn. Obviously, the trial judge did not accept this version. The trial judge accepted King's testimony which is that he had been looking in his rear view mirror and saw immediately behind him a van and behind the van plaintiff's dump truck. As defendant slowed for the left turn, the van passed him. But plaintiff had not started his passing maneuver when defendant commenced his left turn.
It is true defendant testified he was not looking in his rear view mirror as he turned. But, under the facts found by the trial judge and supported by the record, defendant had looked to his rear and seen plaintiff following in the right hand lane immediately before starting to turn. Thus, defendant did not turn until he observed that he could do so with reasonable safety.
Plaintiff contends next that he had a right to pass where he did and had fully preempted the left lane when defendant turned. It may be that plaintiff had a right to pass, but, as stated above, he had not preempted the left lane when defendant turned.
Plaintiff also argues he did not see defendant's turning signals because they were not working, that there was no emergency requiring him to blow his horn and that the evidence did not show, and the trial court did not find, any brake or other defects in his old dump truck. These arguments seek to exonerate plaintiff of negligence in these respects. There was ample evidence to support the trial judge's finding of fact that defendant's turning lights were working and that plaintiff did not blow his horn, as the statute requires. As to the condition of the dump truck, the court mentioned it was old, but did not find any defect.
The court did find this accident was caused solely by the negligence of plaintiff in (1) attempting to pass after defendant had commenced his left turn, (2) failing to observe defendant's left turn signal, and (3) failing to blow his horn under the circumstances. There is no clear error as to these findings of fact.

MOTION TO STRIKE
During trial plaintiff unsuccessfully attempted to enter into evidence a copy of the Uniform Motor Vehicle Traffic Accident Report for the accident involving this action. Plaintiff did not attempt to introduce plaintiff's Release in Full, in favor of defendants of plaintiff's property damage *489 claims. Plaintiff attaches to his appellate brief a copy of each of these exhibits for our examination, in response to which defendants filed with this court a Motion to Strike.
Examination of these exhibits is beyond the scope of this appeal, as this court will only review issues which have been submitted to the trial court and raised in specifications or assignments of error, unless the interests of justice clearly requires otherwise. Rule 1-3, Uniform Rules, Courts of Appeal. We therefore confine our examination to the transcript of the trial court record and the arguments set forth in the appellate briefs of plaintiff and defendant.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the plaintiff-appellant.
AFFIRMED.
NOTES
[*] Hon. William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.