538 So.2d 1131 (1989)
COLEMAN E. ADLER & SONS, INC.
v.
David A. WAGGONER.
No. 88-CA-642.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 1989.
*1132 Christopher C. Johnston, Winnie M. D'Angelo, McGlinchey, Stafford, Mintz, Cellini & Lang, PC, New Orleans, for plaintiff-appellee.
Patricia E. Regan, Metairie, for defendant-appellant.
Before KLIEBERT, GRISBAUM and GOTHARD, JJ.
KLIEBERT, Judge.
Plaintiff, Coleman E. Adler & Sons, Inc., filed suit to recover $1,911.60 from the defendant, David A. Waggoner, representing the balance due on a promissory note executed for payment of a ring. The suit was originally set for trial on the merits on November 12, 1987. When the case was called neither the litigants nor their counsel made an appearance. On November 23, 1987, on plaintiff's motion the case was again set for trial on the merits on May 17, 1988. When the case was called for trial neither the defendant nor his counsel made an appearance. With the trial court's acquiescence plaintiff submitted evidence supporting his claim and in the form used for the rendition of a default judgment the trial court rendered judgment in plaintiff's favor for $1,911.60, 25% attorney fees, legal interest and costs.
Defendant perfected a devolutive appeal and urges a deprivation of constitutional rights to due process as the primary issue on the appeal. His counsel, Ms. Regan, contends the defendant was deprived of due process because he was not given adequate notice of the trial date. Her attack is based on the assertions she mailed to the clerk's office her motion to enroll as counsel of record for the defendant (a copy of such a motion is attached to her brief) but, for some unexplained reason, the clerk did not submit her motion to the judge for action nor file the motion and an accompanying motion for continuance of the November 23, 1987 trial date in the record. As a result she was not personally given notice of the trial set for May 17, 1988. From this she argues her client's constitutional right to due process was violated because he did not receive adequate notice of the trial date. For the reasons hereinafter stated, we reject all of Ms. Regan's contentions and affirm the trial court's judgment.
At the outset we note it is the attorney's obligation and not that of the clerk to have the court recognize him or her as the attorney of record for a litigant. Further, the record before us still reflects Michael Florio as the attorney of record for the defendant. Moreover, the record contains a certification by the deputy clerk that a copy of the motion and order setting the case for trial on May 17, 1988 was mailed to Mr. Florio; Ms. Regan in brief admits the clerk's certification is correct. Mailing of notice to defendant's counsel of record is sufficient notice to satisfy the due process requirements (Mitchell v. Dresser Industries, Inc., 472 So.2d 183 (4th Cir. 1985). Additionally, in brief Ms. Regan contends she received a copy of the motion (with an unsigned order) filed by the plaintiff *1133 to have the case reset for trial. Although Ms. Regan's contention that plaintiff's counsel knew her to be an attorney of record for the defendant is supported by the record, plaintiff's counsel was under no obligation to give Ms. Regan notice of the trial date.
In any event, the assertions made by Ms. Regan are not proper grounds to collaterally attack the judgment on an appeal to this court for two reasons. One, examination of exhibits attached to an appellate brief but not offered into evidence at trial is beyond the scope of review for this court. Rule 1-3 Uniform Rules, Courts of Appeal; Harris v. Aetna Insurance Co., 509 So.2d 486 (3rd Cir.1987). Two, the proper procedure to seek annulment for vices of substance not apparent in the record or on the face of the judgment is by a direct action to annul the judgment. See La.C.C.P. arts. 2001-2006.
Although not listed as an issue in the case, as a passing reference Ms. Regan while urging the deprivation of due process attacks the validity of the judgment because it was rendered in the form of a default judgment even though defendant had made appearances and filed an answer. It is true as urged by defendant that there could be no valid judgment by default because defendant had answered the appeal; however, it is clear from the transcript that plaintiff had a right to and did proceed to prove her case on May 17, 1988, the date set for trial on the merits. Since we held the defendant was given notice of the trial date, the fact defendant made no appearance at the trial did not deprive plaintiff of the right to prove its case. Therefore, given the record before us, the fact the judgment was captioned a "default judgment" and contained the statement that a preliminary default was being confirmed was surplusage and did not affect the validity of the judgment.
Accordingly, we affirm the judgment of the trial court at defendant's cost.
AFFIRMED
GOTHARD, Judge, concurring.
I concur in the results reached by the majority but not necessarily for the reasons stated by the majority.