CANNELLA, Judge.
Plaintiff, Andrea Edwards, appeals from a lower court judgment which was rendered against her and in favor of defendant, Morgan Edwards, after she made a general appearance in the case, but was absent from the trial. For the reasons which follow, we vacate the judgment of the trial court and remand.
This case originated in March of 1991 when Mrs. Edwards filed a petition for a protective order. She alleged, among other things, that her husband had beaten her. She filed as a pauper and Mr. Edwards was unrepresented. Judgment was rendered in that matter on May 8, 1991 in two parts. The first part, entitled, “Partial Judgment”, awarded Mrs. Edwards use of the family home, enjoined Mr. Edwards from entering their residence or Mrs. Edwards’ place of employment, awarded Mrs. Edwards use of the 1990 Mustang automobile, awarded Mr. Edwards use of the 1980 Buick automobile, enjoined both from mortgaging or encumbering the community property, permitted Mr. Edwards to remove his personal belongings from the residence with a deputy escort, ordered Mr. Edwards to pay all outstanding balances on the utilities and to refrain from having services terminated. The parties were ordered to submit a descriptive list of the community property. There was a conference in chambers. Then, another part of the judgment was rendered, entitled “Judgment”. Mrs. Edwards was awarded $250.00 per month in alimony pendente lite and Mr. Edwards was ordered to pay all back due notes on the 1990 Mustang and all future notes while Mrs. Edwards had use of the vehicle. Mr. Edwards was given credit for $90.00 Mrs. Edwards received from an income tax refund check. On September 13, 1991, Mrs. Edwards filed a Rule alleging that Mr. Edwards had not made any of the payments ordered by the court *726 in the May 8, 1991 judgment and that he entered the residence while Mrs. Edwards was away and removed various items. She argued that he was endangering her life and requested that Mr. Edwards be found in contempt and be ordered to pay all back due sums. The rule was set for October 15, 1991. The minutes show that Mrs. Edwards was present with counsel and that Mr. Edwards was present in proper person. Testimony was heard and the matter was taken under advisement. There has been no ruling on that matter. The foregoing shows how adversarial and protracted the case had been prior to the judgment, from which this appeal arises.
Mr. Edwards, now represented by counsel, filed a petition for divorce and partition of community property. He alleged therein that the parties had lived separate and apart since March 30, 1991 and that he was entitled to a divorce because they had continued living separate and apart for over 6 months. He requested that a sworn descriptive list be filed and, within 15 days, traversed. Mr. Edwards filed his descriptive list. On December 30, 1991 he filed a motion to allow him to go into the family home and remove certain items. He alleged that they were necessary for him “to live and maintain his lifestyle.” He also alleged that Mrs. Edwards had left the family home and moved to Arkansas and that the home was to be sold at auction on January 10, 1992. He attached a list of the items he needed, which basically constituted all the community property. The judge signed the order ex parte. However, the items had already been removed from the family home by Mrs. Edwards and placed in storage. On January 10, 1992, Mr. Edwards filed another motion to allow him to remove the items from the storage facility, again alleging that the items were necessary “to live and maintain his lifestyle.” The court granted this motion ex parte and Mr. Edwards retrieved all of the community property.
On March 19, 1992 Mr. Edwards filed a motion for a preliminary default. On March 19, 1992, Mrs. Edwards, through an attorney, filed an answer and reconventional demand.[1] The answer denies Mr. Edwards’ right to a divorce because the parties have not lived separate and apart for over one year. In the reconventional demand, Mrs. Edwards contends that she is entitled to a divorce based on adultery, to permanent alimony, to a judgment for the alimony in arrears and for contempt against Mr. Edwards for removing the community property from storage in a scheme to defraud her.
On March 23, 1992 Mr. Edwards filed a “Motion To Set For Trial.” Mrs. Edwards’ attorney was provided with an incomplete and unsigned copy of the motion. The judge signed the motion and set the matter for trial for April 28, 1992. On that date, Mr. Edwards and his attorney were present, but Mrs. Edwards and her attorney were both absent. Testimony was heard. Mr. Edwards testified that the parties had lived apart since March 30, 1991. Another witness testified that she knew Mr. Edwards and knew that the parties had lived apart since March 30, 1991. Mr. Edwards attorney requested that there be judgment of divorce, finding Mrs. Edwards at fault and partitioning the community property, giving each party what is in their possession. She also requested that Mrs. Edwards’ demand for past due alimony be dismissed because she did not appear. The trial judge asked counsel if she had spoken to Mrs. Edwards’ counsel recently and she responded that she had not. She further stated that she called his office “today” and was informed that he was out of town.
The trial judge granted judgment, as prayed for by Mr. Edwards, granting the divorce, finding Mrs. Edwards at fault, partitioning the community by granting ownership to each party of whatever was in their possession and dismissing Mrs. Edwards’ claim for past due alimony, with prejudice.
It is from this judgment that Mrs. Edwards appeals. The major contention of the appeal is that the trial court erred in *727 hearing the case and rendering judgment in the absence of Mrs. Edwards and her attorney, where there was no showing that either was notified of the date of trial. By doing so, Mrs. Edwards was deprived of procedural due process. She argues that the matter was contested in the trial court, answer and reconventional demand were filed, issue was joined and the trial court erred in proceeding with the case in her absence, without a showing that she or her attorney had been served with the order which set the trial date. Mrs. Edwards argues that the judgment below should be vacated and the matter remanded for a new trial.
Mrs. Edwards also argues, in the alternative, against the judgment on the merits. She contends that the trial court erred in finding her at fault, where fault was not at issue in a divorce for living apart 6 months, in dismissing her claim for past due alimony with ■prejudice and in partitioning the community property by giving each party what was in their possession, where Mr. Edwards had improperly obtained possession of all the community property.
La.C.C.P. art. 1571 provides in pertinent part:
The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
(1) Require adequate notice of trial to all parties;
Adequate notice is one of the most elementary requirements of procedural due process. Hicks v. Schouest, 381 So.2d 977 (La.App, 4th Cir.1980). A litigant is entitled to his day in court. Thus, this case turns on whether or not Mrs. Edwards was given a fair opportunity to present her case before judgment was rendered against her. We think not.
It is clear from this record that this matter was hotly contested. There is no inference that can be drawn from this record that Mrs. Edwards would not have wanted to be present for this matter had she known that it was set. This was the first trial setting. There is no history in' this record of not attending or of attempting to have the matter continued needlessly. To the contrary, Mrs. Edwards has participated in these proceedings at every stage in a timely manner. Finally, at the hearing, Mr. Edwards’ attorney stated on the record that when she called opposing counsel’s office that morning, she was informed that he was out of town.
In his argument Mr. Edwards relies on the case Coleman E. Adler & Sons, Inc. v. Waggoner, 538 So.2d 1131 (La.App. 5th Cir.1989), where this court upheld a judgment entered against a party, who was not present or represented at trial and had no notice of the trial date. However, that case is not factually like this case. Coleman E. Adler v. Waggoner, supra, turned on the fact that defendant had not properly notified the court of his change of counsel and former counsel, counsel of record, had been notified.
In this case, there was no question of who Mrs. Edwards’ attorney was or where he could be served with notice. Based on all the facts, we find that Mrs. Edwards has not had a fair opportunity to present her case, or have her day in court. Therefore, fundamental fairness and the right of access to the courts require that the judgment, entered after a hearing in Mrs. Edwards’ absence, be vacated. Hicks v. Schouest, supra.[2]
Accordingly, the judgment of the district court is vacated and the case is remanded for proceeding in conformity herewith.
JUDGEMENT OF TRIAL COURT VACATED, CASE REMANDED.

. This pleading is listed in the record index at p. 57-58, but it is not included in the record. The pages are missing. Mrs. Edwards has attached the pleading to her brief herein.

. Because of our ruling on this issue, vacating the lower court judgment and remanding the case for a new trial, we need not discuss Mrs. Edwards’ alternative arguments.