645 So.2d 771 (1994)
Geryal DAVIS
v.
ST. JUDE MEDICAL CENTER, INC.
No. 94-CA-353.
Court of Appeal of Louisiana, Fifth Circuit.
October 25, 1994.
Writ Denied January 27, 1995.
William W. Shaw, Jr., Martin S. Bohman, Blue Williams, Metairie, for defendant-appellant.
Morris H. Hyman, New Orleans, for plaintiff-appellee.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GRISBAUM, Judge.
This appeal arises out of a suit for damages pursuant to a claim for false imprisonment. The defendant raised the exception of prematurity on the basis that the plaintiff's claim was one of medical malpractice. The exception was denied. We affirm and remand.

ISSUE
The principal question is whether this claim sets out a cause of action for false imprisonment under La.R.S. 28:2(28)(b) or medical malpractice.

FACTS
Plaintiff, Geryal Davis, was being treated at St. Jude Medical Center, Inc. (St. Jude) on an in-patient basis for pancreatitis. He was admitted on October 15, 1992. On November 7, 1992 Davis was involuntarily admitted to defendant's chemical dependency and mental health unit by a staff doctor at St. Jude.
The pleadings reflect that Dr. Gabriel Uribe prepared and signed a Physician's Emergency Certificate to initiate Davis' involuntary admission to the St. Jude chemical dependency and mental health unit. St. Jude also obtained (on November 9, 1992) a Coroner's Emergency Certificate to recommend commitment to the St. Jude chemical dependency and mental health unit on the basis of alcohol dependance.
Davis alleges he made several requests to be released and even notified St. Jude in writing of this desire. A habeas corpus hearing was set for November 20, 1992, pursuant to Davis' Petition and Order for Writ of *772 Habeas Corpus and Probable Cause filed in the Twenty-Fourth Judicial District Court. On November 19, 1992, Davis was discharged from St. Jude.
Davis claimed St. Jude violated his rights by falsely imprisoning him in the St. Jude chemical dependency and mental health unit because St. Jude did not maintain separate in-patient facilities for chemical dependency patients as required by La.R.S. 28:2(28)(b).

PRELIMINARY MATTERS
St. Jude filed a Motion to Strike Exhibits that are not part of the record on appeal, which are attached to plaintiff's brief, and all reference thereto of:
(a) Exhibit 2Petition and Order for Writ of Habeas Corpus and Probable Cause Hearing;
(b) Exhibit 3Physician's Emergency Certificate; and
(c) Exhibit 4Coroner's Emergency Certificate.
St. Jude also argues these exhibits were not introduced into evidence at the trial court level and, thus, cannot be considered by the Court of Appeal. We agree. Examination of exhibits attached to an appellate brief, but not offered into evidence at trial, is beyond the scope of review for the Court of Appeal. Uniform RulesCourts of Appeal, Rule 1-3; Coleman E. Adler & Sons, Inc. v. Waggoner, 538 So.2d 1131 (La.App. 5th Cir.1989).
Ergo, we will not consider Exhibits 2-4 attached to appellee's brief.
We note the trial judge signed an appeal order for a "suspensive appeal without bond." There is no such appeal. Accordingly, we have converted this matter to a devolutive appeal. See Triangle v. Gulf Coast Aluminum Corp., 399 So.2d 183 (La.1981).

ISSUE PRESENTED FOR REVIEW

Law
La.Code Civ.P. art. 926 provides for the dilatory exception of prematurity. Jurisprudence indicates it has long been recognized that the question of prematurity of a demand must be determined by the state of facts existing at the time the suit is brought. See Weldon v. Republic Bank, 414 So.2d 1361 (La.App. 2d Cir.1982).

Discussion
The only facts existing at the time this suit was brought are those alleged in the plaintiff's petition, defendant's memorandum on the exception of prematurity, and plaintiffs' opposing memorandum. The transcript of the hearing on the exception does not contain any facts, nor did the parties attach any exhibits as evidence in the trial court.
The crux of plaintiff's claim is simply that St. Jude maintained a "joint in-patient substance abuse and mental health unit." He cites La.R.S. 28:2(28)(b), which, in pertinent part, states:
However, in the case of any involuntary hospitalization as a result of such emergency certificate for substance abuse or in the case of any judicial commitment as the result of substance abuse, such commitment or hospitalization may be made to any of the above facilities, except forensic facilities, provided that such facility has a substance abuse in-patient operation maintained separate and apart from any mental health in-patient operation at such facility.
Essentially, the plaintiff is maintaining that, because he was involuntarily committed by an Emergency Certificate to a facility that did not have separate substance abuse and mental health in-patient units, there was then necessarily a violation of La.R.S. 28:2(28)(b).
On the other hand, defendant argues the plaintiff is seeking damages allegedly arising from actions which constitute health care and/or professional services rendered by St. Jude. Thus, the claim falls within the scope of the Medical Malpractice Act, which would require the matter proceeding to a medical review panel prior to the institution of suit.
Defendant likewise argues it was a medical decision to admit the plaintiff to the joint chemical dependency and mental health unit. However, we note the record does not contain any evidence that refutes the plaintiff's allegation that he was committed due to alcoholism, i.e., substance abuse, and because the defendant was the exceptor, he had the legal burden of producing this evidence but did not. Ironically, the evidence that was relevant *773 to this point, namely, the Physician's Emergency Certificate and the Coroner's Certificate, are not part of the record and were properly stricken from consideration as part of appellee's brief at the request of the defendant.
Accordingly, we find that the allegations in the plaintiff's pleadings establish a cause of action that he was illegally committed.
For the reasons assigned, the trial court's judgment is hereby affirmed, and the matter is hereby remanded for further proceedings. All costs of this appeal are to be assessed against the appellant.
AFFIRMED AND REMANDED.