MARC E. JOHNSON, Judge.
| jjDefendant/Appellant, Charles Waddle, appeals the denial of his Motion to Vacate in favor of Plaintiffs/Appellees, Glen Julia, Carla Julia and Ashton Julia, from the 24th Judicial District Court, Division “F”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The pertinent facts surrounding this case are as follows. Plaintiffs filed a Petition for Damages to recover damages sustained by Mr. Julia when Mr. Waddle allegedly verbally attacked and threw a punch at Mr. Julia’s head, causing him to lose his balance, fall to the ground and injure his back. Several continuances and delays were granted by the trial court.
The trial for this matter was set for January 19, 2011. Based upon the record, Plaintiffs’ attorney, Bryan S. McManus, faxed a letter to the deputy civil clerk for the case’s allotted division on January 18, 2011, to confirm the matter had been taken off of the docket and was continued. On the same date, defense counsel, Michael Rosenblatt, faxed a letter to the deputy clerk simply stating, “Please allow this letter to confirm the trial in the above referenced matter, ^previously scheduled for 9:00 a.m. on January 19, 2011, has been reset for 9:00 a.m. on July 12, 2011.” On January 19, 2011, the minute entry stated, “Motion for judge trial on merits[.] CONTINUED TO 7-12-11 BY CONSENT PER MR. ROSENBLATT. NOTICES WAIVED.”
At the trial held on July 12, 2011, Mr. Waddle and his attorney were absent from the proceeding. The trial court rendered a judgment on July 15, 2011, awarding Mr. Julia $5,000.00 in general damages, $493.00 in medical expenses, $600.00 for grass cutting services. Additionally, the judgment awarded $5,000.00 in general damages and $556.00 in medical expenses to Mr. Julia as tutor on behalf of his son, Ashton Julia. Both awards included legal interest on the amounts due from the date of judicial demand until paid.
Mr. Waddle filed a Motion to Vacate on July 28, 2011, alleging the July 15, 2011 judgment should be vacated because he did not have proper notice of the trial date. The hearing on the motion was held on November 2, 2011, and the trial court rendered a judgment denying the motion on February 9, 2012. The instant devolutive appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Mr. Waddle alleges the trial court erred in: 1) not finding that Plaintiffs should have filed a written motion requesting an order continuing the trial in this matter from January 19, 2011 to July 12, 2011, and 2) holding that a letter from defense counsel of record to the civil clerk of court constituted an express waiver of service.
LAW AND ANALYSIS

Continuance of the Trial Date

Mr. Waddle alleges the trial court erred in not finding that Plaintiffs should *1231 have filed a written motion requesting an order continuing the trial in the matter 14from January 19, 2011 to July 12, 2011. According to Mr. Waddle, the clerk telephoned Mr. Rosenblatt to confirm his written consent to the continuance because the trial court required a letter from an attorney of record, and Mr. McManus was not Plaintiffs’ attorney of record. Because he did not oppose the continuance, Mr. Waddle contends that his attorney complied with the clerk’s request and sent the January 18, 2011 fax. Mr. Waddle asserts that, because Plaintiffs initiated the continuance request and neither of the parties was in open court on January 19, 2011, Plaintiffs should have been required to file a written Motion to Continue. Additionally, Mr. Waddle argues the trial court was in error because the letter from his attorney did not expressly state a waiver of service.
In opposition, Plaintiffs argue the trial court was correct in its ruling because both parties consented to the continuance and agreed upon the date of the new trial. Thus, no motion from either of the parties or an order from the trial court was needed for the continuance of the trial.
Louisiana District Court Rules, Rule 9.16, provides, “[t]he court may recognize agreements and stipulations between counsel concerning the conduct, trial, or continuance of a suit only if they are: (1) written and filed in the record; or (2) made in open court and entered on the minutes.” (Emphasis added).
Here, both parties to this matter agreed to continue the date of the trial, as evidenced by the January 18, 2011 filed stamped letters of Mr. McManus and Mr. Rosenblatt. In its discretion, the trial court recognized the agreement to continue between the parties and reset the trial for July 12, 2011. When denying the Motion to Vacate from the bench, the trial judge noted that he relied upon the letter filed by Mr. Rosenblatt to reset the trial date. Pursuant to Rule 9.16, if the trial court decided to recognize the January 18, 2011 letter, the parties were not required to Ififile a written Motion to Continue when there was a written acknowledgement of the agreement to continue the trial filed into the record.
Therefore, we do not find the trial court erred in continuing the trial date from January 19, 2011 to July 12, 2011.

Waiver of Service

Mr. Waddles alleges the trial court erred in holding that the letter sent to the court by his attorney continuing the trial constituted a waiver of service. Mr. Waddles avers he had to expressly waive citation and service of process in order for the trial to be set. In addition, Mr. Waddles avers the letter his attorney submitted was not binding on the parties and. an affidavit from Mr. McManus should have been filed into evidence.
Plaintiffs argue the January 18, 2011 letter from defense counsel was an expressed waiver of service, and the minute entry correctly reflects the waiver. Furthermore, Plaintiffs argue Mr. Waddle was not entitled to formal notice of the trial date because he did not file a request for notice in accordance with LSA-C.C.P. art. 1572. We agree with Plaintiffs’ argument.
LSA-C.C.P. art. 1572 provides,
The clerk shall give written notice of the date of the trial whenever a written request therefor is filed in the record or is made by registered mail by a party or counsel of record. This notice shall be mailed by the clerk, by certified mail, properly stamped and addressed, at least ten days before the date fixed for the trial. The provisions of this article may be waived by all counsel of record at a pre-trial conference.
*1232 A review of' the record discloses Mr, Waddle failed to file a written request for written notice of the date of trial into the record. As a result, Mr. Waddle was not entitled to receive written notice from the clerk’s office of the reset trial date. Consequently, the issue now becomes whether adequate notice of the trial was | figiven for the purpose of procedural due process. Darnall v. John K. Darnall, Inc., 526 So.2d 1317, 1321 (La.App. 3rd Cir.1988), writ denied, 531 So.2d 273 (La.1988).
A litigant is entitled to his day in court, and adequate notice is one of the most elementary requirements of procedural due process. Edwards v. Edwards, 614 So.2d 725, 727 (La.App. 5th Cir.1993), writ denied, 617 So.2d 1186 (La.1993). Due process considerations require a procedure which will insure fairness to both parties and promote actual notice to the defendant in such a situation. Tureaud v. Tureaud, 427 So.2d 634 (La.App. 5th Cir.1983).
Here, Mr. Rosenblatt faxed a letter to the deputy clerk indicating the trial was being continued from January 19, 2011 to July 12, 2011. This letter, which was filed into the record, was relied upon by the trial court to reset the trial date to July 12th. Despite Mr. Waddle’s argument that the letter is not binding on the parties, we disagree. Once the trial court recognized the letter as an agreement between the parties, Mr. Rosenblatt’s letter became binding on the parties. Since it was the defense counsel’s letter that the trial court and opposing counsel relied upon, Mr. Waddle had adequate notice of the July 12, 2011 trial date through his attorney.
Accordingly, because Mr. Waddle failed to request written notice of the date of the trial, we find there was no waiver of service required for notice of the July 12, 2011 trial date.[1] Furthermore, we find Mr. Waddle had adequate notice of the reset trial date.
^DECREE
For the foregoing reasons, we affirm the trial court’s denial of Mr. Waddle’s Motion to Vacate. Mr. Waddle is to bear the costs of this appeal.

AFFIRMED

. Even if Mr. Waddle had requested written notice of the trial date, we would have adopted the holding in Richards v. Richards, 525 So.2d 163, 165 (La.App. 3rd Cir.1988), to find he had implicitly waived his right to receive notice. The Third Circuit held, where "a party or his attorney is notified in court or stipulates with opposing counsel with the court’s approval of a trial date, the party requesting notification under LSA-C.C.P. art. 1572 waives the right to assert failure of notification by the clerk as grounds for a reversal on appeal.”