SUCCESSION OF TIFFANY ANGELLE ARTHUR

NO. 20-CA-75

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 785-620, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

May 27, 2020

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Hans J. Liljeberg, and John J. Molaison, Jr.

**AFFIRMED**
    **JGG**
    **HJL**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLANT,
SHAWN SUBERVILLE TERREBONNE (ORIGINALLY PETITIONED AS
"SHAWN TERREBONNE SUBERVIELLE")
    Robert M. Braiwick, Jr.

**GRAVOIS, J.**

Appellant, Shawn Terrebonne Subervielle, administratrix of the Succession of Tiffany Angelle Arthur, appeals the trial court's August 23, 2019 judgment which denied her Rule to Show Cause Why Succession Assets Should Not Be Accounted For and Released to Administratrix. The judgment on appeal in this case involves interpretation of specific provisions of a testamentary trust. No evidence was introduced at the contradictory hearing on the Rule to Show Cause. Finding that the record does not contain evidentiary support in favor of the claims made in the Rule to Show Cause, we affirm the trial court's judgment which denied the Rule to Show Cause.

## FACTS AND PROCEDURAL BACKGROUND

On July 13, 2018, Shawn Terrebonne Subervielle filed a "Petition to Appointment [*sic*] Administratrix" of the Succession of Tiffany Angelle Arthur, No. 785-620 of the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, alleging therein that on August 27, 2018,[1] Tiffany Angelle Arthur died in Jefferson Parish, Louisiana, that it was necessary that Ms. Arthur's estate be administered, that Ms. Arthur was survived by two minor twin sons, Brody Michael Arthur and Brice Matthew Arthur, who were born on April 9, 2009, and that Ms. Subervielle had been granted custody of Brody and Brice by the Juvenile Court. In her petition, Ms. Subervielle further alleged that she desired to be appointed administratrix of the succession proceeding upon her complying with the legal requirements therefor. After considering the petition and other pleadings filed by Ms. Subervielle, the trial court proceeded on July 13, 2018 to appoint her as administratrix of the succession proceeding.

---

[1] Although the petition states that Ms. Arthur died on August 27, 2018, the Affidavit of Jurisdiction, Death and Heirship found in the record clarifies that Ms. Arthur actually died on August 27, 2017.

On September 10, 2018, Ms. Subervielle filed the subject Rule to Show Cause Why Succession Assets Should Not Be Accounted For and Released to Administratrix, alleging therein that pursuant to the last will and testament of Ms. Arthur's mother, Vera Frances Barrient, filed for probate with the Clerk of Court of the 24th Judicial District Court, Ms. Barrient's estate was bequeathed to the Vera Frances Barrient Trust ("the Trust") of which Ms. Arthur was a fifty percent income and principal beneficiary. In the Rule to Show Cause, Ms. Subervielle further alleged that the Trust provided that the Trust shall terminate as to the interest of each principal beneficiary upon such beneficiary's death, and accordingly, because Ms. Arthur was then deceased, her succession owned and was entitled to possession of a fifty percent interest in the Trust that should be released to Ms. Subervielle as administratrix of Ms. Arthur's succession. Made defendant in the Rule to Show Cause was Linda Barrient McCraney, as trustee of the Trust.

Ms. McCraney filed an opposition to the Rule to Show Cause, alleging that although the Trust provided that it shall terminate as to the interest of each principal beneficiary upon such beneficiary's death, the Trust also provided, in accordance with the Louisiana Trust Code, that Brice and Brody's interest in the Trust will terminate in whole or in part at any time on or after Brody and Brice have reached their 21st birthday. Accordingly, she argued that since Brody and Brice were still minors, the court should deny the Rule to Show Cause.

A hearing on the Rule to Show Cause was conducted on August 23, 2019. No evidence was introduced by either party at the hearing. After hearing argument of counsel, the trial court denied the Rule to Show Cause, finding that under the terms of the Trust, Ms. McCraney, whom the Trust had appointed as custodian for the minor children under the Louisiana Uniform Gift to Minors Act, was the proper person to receive the claimed distribution from the Trust, and not Ms. Subervielle,

though no distribution was ordered therein. A judgment to this effect was signed by the trial court that same day. After Ms. Subervielle's Motion for New Trial on the Rule to Show Cause was denied after a hearing, Ms. Subervielle timely filed a Motion for Appeal of the trial court's August 23, 2019 judgment which denied the Rule to Show Cause. The trial court granted Ms. Subervielle a devolutive appeal on January 7, 2020. This appeal followed.

On appeal, Ms. Subervielle argues that the trial court erred in finding that Ms. McCraney, as trustee of the Trust, rather than Ms. Subervielle, as administratrix of the succession, was the proper person to receive the claimed distribution from the Trust. Ms. McCraney did not file an appellee brief with this Court.

## ANALYSIS

In its August 23, 2019 judgment, the trial court denied the Rule to Show Cause Why Succession Assets Should not be Released to Administratrix. The judgment then goes on to state:

> Shawn Terrebonne Subervielle argues that the assets in possession of Linda Barrient McCraney, Trustee of the Vera Frances Barrient Trust, which belong to the Succession of Tiffany Angelle Arthur, should be turned over to Shawn Terrebonne Subervielle as the administratrix of the Succession. The Court finds that Article III, Part B of the Trust governs. That provision states that if any person under the age of eighteen is or becomes entitled to receive in outright ownership any interest in the property as an outright legacy, the distribution from the Trust is to be paid to a custodian under the Louisiana Uniform Transfers to Minors Act. The Trust names Linda McCraney as the custodian, and therefore, the Court finds that Shawn Terrebonne Subervielle is not the proper person to receive a distribution from the Trust.

The issue raised in the Rule to Show Cause was interpretation of specific provisions of the Trust. A rule to show cause is a contradictory motion, and as such, it is incumbent upon the moving party to produce evidence which supports the relief sought. La. C.C.P. art. 963. As indicated above, at the hearing on the Rule to Show Cause, no testimony was adduced and no exhibits were introduced.

Only portions of what purport to be certain provisions of the Trust were excerpted in both the Rule to Show Cause and the Opposition thereto. We find, however, that such excerpts, having not been properly introduced into evidence, provide an insufficient evidentiary basis upon which to grant the relief sought in the Rule to Show Cause.[2] We find that it was incumbent upon Ms. Subervielle, as mover in the Rule, to at least introduce into evidence at the contradictory hearing on the Rule a certified copy of Mrs. Barrient's last will and testament which purportedly established the Trust. Because the record does not contain evidentiary support in favor of the claims made in the Rule to Show Cause, the trial court properly denied the Rule to Show Cause.

In light of the foregoing, under the particular factual and procedural circumstances present in this case, we affirm the trial court's judgment which denied the Rule to Show Cause.

## CONCLUSION

For the foregoing reasons, the judgment rendered by the trial court on August 23, 2019 denying Ms. Subervielle's Rule to Show Cause is affirmed.

## AFFIRMED

---

[2] No document or exhibit purporting be the testament of Vera Frances Barrient appears in the appellate record, either. A document entitled "Last Will and Testament of Vera Frances Barrient" is appended to appellant's brief. The law is clear that an appellate court is precluded from considering evidence that is not part of the record. Examination of exhibits attached to an appellate brief, but not offered into evidence at trial, is beyond the scope of our review. *United Gen. Title Ins. Co. v. Casey Title, Ltd.*, 01-600 (La. App. 5 Cir. 10/30/01), 800 So.2d 1061, 1065, citing *Davis v. St. Jude Medical Center, Inc.*, 94-353 (La. App. 5 Cir. 10/25/94), 645 So.2d 771, 772, *writ denied*, 94-2864 (La. 1/27/95), 649 So.2d 387.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 27, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**20-CA-75**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
ROBERT M. BRAIWICK, JR. (APPELLANT)

**MAILED**
CLINT L. PIERSON, JR. (ATTORNEY)          LINDA B. MCCRANEY (APPELLEE)
5100 VILLAGE WALK                          IN PROPER PERSON
SUITE 101                                  75397 HENDERSON ROAD
COVINGTON, LA 70433                        COVINGTON, LA 70435