PAMELA J. OLANO, SILVER BOURBON, INC., LABEAUTI, INC., BOURBON BURLEQUE CLUB, INC., RAYMOND PALAZZOLO, AND GUY W. OLANO, JR.

VERSUS

BILLIE V. KARNO, KARNO 410 BOURBON REAL ESTATE, LLC, KARNO 327 BOURBON REAL ESTATE, LLC, BVK ENTERPRISES, INC.

\*      NO. 2024-CA-0827

\*

\*     COURT OF APPEAL

\*     FOURTH CIRCUIT

\*

     STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-05225, DIVISION "L-6"
Honorable Kern A. Reese, Judge
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Karen K. Herman)

Justin E. Alsterberg
JJC LAW LLC
111 Veterans Memorial Blvd., Suite 810
Metairie, LA 70005

     COUNSEL FOR PLAINTIFFS/APPELLANTS
         AND THIRD-PARTY DEFENDANT/APPELLANT

Salvador I. Bivalacqua
Robert J. Ellis, Jr.
GRIFFIN & BIVALACQUA LLC
650 Poydras Street, Suite 2615
New Orleans, LA 70130

     COUNSEL FOR DEFENDANTS/APPELLEES

**AMENDED; AFFIRMED AS AMENDED**
**MAY 28, 2025**

This case arises from a series of French Quarter commercial leases.

Plaintiffs/appellants, Pamela Olano, Guy Olano, Ray Palazzolo (collectively, "Olano"), and third-party defendant/appellant, New Orleans Entertainment Limited, Inc. ("NEL"), appeal the August 12, 2024 judgment of the district court, which granted a declaratory judgment in favor of defendants/appellees, Billie V. Karno ("Mrs. Karno"), Karno 327 Bourbon Real Estate, LLC ("Karno 327"), Karno 410 Bourbon Real Estate, LLC, and BVK Enterprises, Inc. The August 12, 2024 judgment declared the disputed lease null and void and dissolved the usufruct on the subject property. For the reasons that follow, we amend the judgment and affirm as amended.

## FACTS AND PROCEDURAL HISTORY

Olano brought this litigation in 2018 against Karno 327 and its principal, Mrs. Karno. Olano allegedly sustained damages arising from Karno 327's eviction of certain businesses that Olano owned or operated from two premises. Two prior appeals have been before this Court. *See Olano v. Karno*, 20-0396 (La. App. 4 Cir.

4/7/21), 315 So.3d 952 ("*Olano* I"); *Olano v. Karno*, 22-0504 (La. App. 4 Cir. 2/7/23), 357 So.3d 886 ("*Olano* II"). While much of the procedural history is set forth in the prior appeals, we summarize the pertinent facts as follows.

The current matter is the third appeal, which involves the December 10, 2018 lease (the "Lease") of one property, located at 327 Bourbon Street, New Orleans, Louisiana (the "Property"). The lessor was 327 Bourbon Street, LLC ("Lessor"), and the lessee was NEL, which Olano allegedly owned or operated. On February 14, 2019, Karno 327 and Mrs. Karno filed a petition for declaratory judgment seeking to have the district court hold the Lease unenforceable.

On March 15, 2019, Lessor and NEL executed an "Amended and Restated Agreement" purporting to convey a usufruct to NEL over Lessor's share of the Property (the "Usufruct Agreement"). At that time, Lessor co-owned the Property with Karno 327, but Karno 327 was not a party to and did not consent to either the Lease or the Usufruct Agreement. On August 5, 2021, Lessor divested its interest in the Property through an Act of Exchange wherein Karno 327 acquired Lessor's interest. In *Olano* I, this Court concluded that Lessor was an indispensable party to this litigation, and on May 5, 2023, Karno 327 filed a third-party demand against Lessor.

On July 25, 2024, a trial went forward on the petition for declaratory judgment. The district court took the matter under advisement. On August 12, 2024, the district court rendered judgment granting the petition for declaratory judgment, declaring the lease null and void, and ordering the usufruct "dissolved

2

on said property and transferred to whatever property Plaintiffs Raymond Palazzolo and Guy W. Olano Jr. acquired in the Act of Exchange. . . ." This appeal followed.

## LAW AND ANALYSIS

**Notice of Trial**

As a preliminary matter, this Court recognized its prior ruling in *Olano* I that Lessor was a necessary party; however, the district court record did not reflect that Lessor was provided notice of the July 25, 2024 trial, appeared at the trial, or received notice of the August 12, 2024 judgment. We ordered the parties to submit supplemental briefs addressing whether the August 12, 2024 judgment is an absolute nullity for failure to provide notice of trial to a necessary party.

Olano and NEL argued, as they did in their original brief, that the record does not show service of the trial date on Lessor, and Lessor did not appear at trial, despite being determined a necessary party. In response, Karno 327 filed two motions to supplement the record with proof that Lessor's counsel had actual notice of trial and waived service and appearance at trial. We denied these motions as we are a court of record and cannot receive new evidence on appeal, which was not considered by the district court. *Interdiction of Zimmer*, 17-0900, p. 3 (La. App. 4 Cir. 3/14/18), 242 So.3d 669, 671, n. 1. Lessor (along with all parties) was served with this Court's order and filed nothing in response.

On our review of the record and the responses to this Court's order, we cannot conclude that notice to Lessor was constitutionally insufficient. Pursuant to

3

*Olano I*, Karno 327 filed a third-party demand against Lessor. Lessor responded by filing a general denial and has made no other appearance in this litigation. Notably, Lessor did not file in the district court any request for written notice of trial as provided under La. C.C.P. art. 1572.[1] "Adequate notice is a minimum requirement for reasons of due process." La. C.C.P. art. 1571, cmt. (a). However, unless a party requests written notice of trial under article 1572, "no particular type or kind of notice is required. . . ." *Id.* "When no written request for notice of date of trial has been filed, the issue becomes whether or not adequate notice of trial has been given for purposes of procedural due process." *Darnall v. John K. Darnall, Inc.*, 526 So.2d 1317, 1321 (La. App. 3d Cir. 1988).

No party claims that Lessor was unaware of the trial date; instead, Olano and NEL merely point out that written notice of trial was not served on Lessor. The district court record is otherwise silent as to Lessor's actual notice of trial. Other than filing an answer to the third-party demand, the remainder of the record substantiates a complete lack of participation by Lessor. In ordering supplemental briefing, this Court served Lessor with this Court's orders, thereby providing Lessor with further opportunity to raise its own lack of notice. Lessor has not filed anything in this Court. Lessor's nonparticipation in this litigation is unsurprising because it divested its ownership interest in the Property and seemingly lacks any

---

[1] La. C.C.P. art. 1572 states the law regarding the requirement of written notice of trial, as follows: "The clerk shall give written notice of the date of the trial whenever a written request therefor is filed in the record or is made by registered mail by a party or counsel of record. This notice shall be mailed by the clerk, by certified mail, properly stamped and addressed, at least ten days before the date fixed for the trial. The provisions of this article may be waived by all counsel of record at a pre-trial conference."

interest in the outcome. We find this case distinguishable from those in which lack of notice is raised by a party on its own behalf. *See generally LCR-M Ltd. P'ship v. Jim Hotard Properties, L.L.C.*, 13-0483 (La. App. 4 Cir. 10/9/13), 126 So.3d 668; *Rouzan v. Rouzan*, 20-0240 (La. App. 4 Cir. 9/30/20), 365 So.3d 516. No such issue exists here and lack of written notice of trial, which was never requested, should not further delay resolution of the lease dispute where Lessor no longer owns the Property and does not seek to take part.

We cannot overstate that "[a] litigant is entitled to his day in court, and adequate notice is one of the most elementary requirements of procedural due process." *Julia v. Waddle*, 12-383, p. 6 (La. App. 5 Cir. 12/27/12), 106 So.3d 1229, 1232. Due process considerations require a procedure, which will ensure fairness to all parties and promote actual notice to those parties. *Id.* Even so, our appellate jurisdiction limits our review to the issues properly before us. *See* La. C.C.P. art. 2164. Where Lessor raises no claim it lacked notice, we discern no error in the notice of trial, and we do not disturb the district court's judgment on this basis. Under the narrow facts of this case, where a party – even one this Court deemed "necessary" to the action – sees no reason to litigate the disposition of a property it no longer owns, we do not inject the issue on its behalf or promote added delay. We thus turn to the merits of the appeal.

**Standard of Review**

The Louisiana Supreme Court explained the relevant standard of review of a judgment granting declaratory relief, as follows:

> [T]he decision to grant or deny declaratory relief is left to the wide discretion of the district court. *See Louisiana Supreme Ct. Comm. on Bar Admissions ex rel. Webb v. Roberts*, 2000-2517, p. 3 (La. 2/21/01), 779 So. 2d 726, 728; *Succession of Robinson*, 52,718 (La. App. 2 Cir. 6/26/19), 277 So. 3d 454, 458, *writ denied*, 2019-1195 (La. 10/15/19), 280 So. 3d 613. Although this decision is subject to an abuse of discretion standard of review, the judgment itself is still reviewed under the appropriate standard of review. *Fondel v. Fondel*, 2020-221, p. 4 (La. App. 3 Cir. 3/10/21), 312 So. 3d 1180, 1183, *writ denied*, 2021-0655 (La. 9/27/21), 324 So. 3d 93; *Martin v. Martin*, 52,401, p. 6 (La. App. 2 Cir. 11/14/18), 261 So. 3d 984, 989. Thus, questions of law are reviewed *de novo*, while questions of fact are subject to a manifest-error standard of review. *Fondel*, 2020-221, p. 4, 312 So. 3d at 1183.

*Westlawn Cemeteries, L.L.C. v. Louisiana Cemetery Bd.*, 21-01414, pp. 11-12 (La. 3/25/22), 339 So.3d 548, 558-59.

**Lease and Usufruct Agreement**

"A declaratory judgment is a vehicle used to 'declare rights, status, and other legal relations whether or not further relief is or could be claimed.' " *In re Interment of LoCicero*, 05-1051, p. 5 (La. App. 4 Cir. 5/31/06), 933 So.2d 883, 886 (quoting La. C.C.P. art. 1874). Courts have deemed a declaratory judgment an appropriate vehicle for a court determine whether a usufruct is enforceable or has terminated. *See Succession of Beard*, 13-1717, p. 13 (La. App. 1 Cir. 6/6/14), 147 So.3d 753, 762; *Succession of Helms*, unpub., 15-0851 (La. App. 1 Cir. 12/23/15), 2015 WL 9436168. "Usufruct is a real right of limited duration on the property of another." La. C.C. art. 535. A conventional usufruct may be established by juridical act. La. C.C. art. 545. "Conventional usufructs are of two kinds: contractual (created by an inter vivos juridical act) or testamentary (created by a

6

mortis causa juridical act)." *Darby v. Rozas*, 580 So.2d 984, 985 (La. App. 3d Cir. 1991).

The usufruct at issue was set forth in a purported amended lease. "In interpreting the lease, we begin from the well-settled premise that "contracts have the effect of law for the parties" and the "[i]nterpretation of a contract is the determination of the common intent of the parties." *Lobell v. Rosenberg*, 15-0247, p. 8 (La. 10/14/15), 186 So.3d 83, 88-89 (quoting *Clovelly Oil Co., LLC v. Midstates Petroleum Co. LLC*, 12-2055, p. 5 (La. 3/19/13), 112 So.3d 187, 192; quoting *Marin v. Exxon Mobil Corp.*, 09-2368, p. 35 (La. 10/19/10), 48 So.3d 234, 258 and La. C.C. arts. 1983 and 2045). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046. "Common intent is determined, therefore, in accordance with the general, ordinary, plain and popular meaning of the words used in the contract." *Prejean v. Guillory*, 10-0740, p. 7 (La. 7/2/10), 38 So.3d 274, 279 (citation omitted). "[A] contract 'must be interpreted in a common-sense fashion, according to the words of the contract their common and usual significance.' " *Id.* (quoting *Lambert v. Maryland Cas. Co.*, 418 So.2d 553, 559 (La. 1982)).

Olano and NEL concede that the Lease is invalid, but they posit that the Usufruct Agreement is a standalone instrument. The remaining dispute on appeal is whether the Usufruct Agreement is a separate agreement from the Lease and

whether the usufruct remains in effect.[2] We construe the Usufruct Agreement as an amendment of the Lease, and we find that the usufruct terminated.

Lessor and NEL executed the Lease on December 10, 2018. Karno 327 was not a party to the Lease and did not consent to it. The Lease contained a termination date of December 10, 2023, following which the Lease provided five-year options, but no claim was made that options were exercised or that the Lease was reconducted. The Lease required rent payments of $11,000.00 per month; during certain months before the 2021 Act of Exchange, NEL paid rent directly to Lessor, though it is undisputed that no rent was ever paid to Karno 327. NEL never took possession of the Property and did not pay taxes or insurance on the Property. The district court reasoned that the Lease was invalid due to lack of consent by Karno 327, which co-owned the property at the time of the Lease's execution. *See* La. C.C. art. 805 ("A co-owner may freely lease, alienate, or encumber his share of the thing held in indivision. The consent of all the co-owners is required for the lease, alienation, or encumbrance of the entire thing held in indivision."). NEL admitted that it has no objection to a declaratory judgment declaring the Lease invalid.

---

[2] Olano and NEL list as an assignment of error that the district court erred in denying their exception of no cause of action pending further discovery. This assignment is not briefed or argued on appeal, and we, therefore, consider it abandoned and waived. Uniform Rules, Courts of Appeal, Rule 2–12.4(B)(4); consequently; *Woods v. French Mkt. Corp.*, 21-0689, p. 6 (La. App. 4 Cir. 3/23/22), 336 So.3d 912, 916.

Lessor and NEL executed the Usufruct Agreement on March 15, 2019. It reads in its entirety.[3]

## AMENDED AND RESTATED AGREEMENT

This Usufruct Agreement amends and restates the Lease Agreement between [Lessor] and [NEL] dated December 10, 2018. This Usufruct Agreement is dated March 15, 2019, by and between [Lessor] and [NEL]. The parties agree as follows.

In addition to the terms of the Lease Agreement, [Lessor] hereby confers, grants, and conveys a usufruct (the "Usufruct") of the property located at 327 Bourbon Street, New Orleans, Louisiana being more fully described as Lot A, Square 69, Second District, City of New Orleans, Louisiana along with all buildings, appurtenances, fixtures, equipment and improvements thereon (the "Property").

The Usufruct granted herein shall apply to the fruits of the Property. However, the Usufruct shall be specifically and hereby expressly limited to the fruits of the one-half ownership share held by [Lessor].

The Usufruct granted herein shall apply to the use of the Property to the extent that such use does not alienate or encumber the entirety of the Property or the interest of any co-owners of the Property.

The parties hereby expressly dispense with any bond or security.

All terms and conditions contained in the Agreement dated December 10, 2018 which do not conflict with the terms herein remain in full force and effect.

We find nothing in the Usufruct Agreement that renders it wholly separate from the Lease. Instead, it "amends and restates the Lease" and grants the usufruct

---

[3] For clarity in this quotation and consistency throughout the opinion, we substitute the parties' names "327 Bourbon Street, LLC" with "Lessor" and "N'awlins Entertainment of Louisiana, Inc." with "NEL."

"[i]n addition to the terms of the Lease" while "[a]ll the terms and conditions contained in the [Lease] … which do not conflict with the terms herein remain in full force and effect." This plain language fails to support the contention that the Usufruct Agreement is a standalone instrument, detached from the Lease and its terms and conditions. Rather, the Usufruct Agreement amended the Lease and otherwise incorporated the Lease's terms.

The district court provided written reasons for judgment[4] and expounded that, if the Usufruct Agreement had been valid, the usufruct terminated at the time of the Act of Exchange, on August 5, 2021. The court relied on certain Civil Code articles, La. C.C. arts. 610 and 623.

Article 610 provides:

> A usufruct established for a term or subject to a condition terminates upon the expiration of the term or the happening of the condition.

Article 623 states:

> The usufruct may be terminated by the naked owner if the usufructuary commits waste, alienates things without authority, neglects to make ordinary repairs, or abuses his enjoyment in any other manner.

The district court reasoned that the Usufruct Agreement was subject to the Lease's terms and that the usufruct terminated for breaches of the Lease, in that NEL failed to pay rent, taxes, insurance, or take possession of the Property as the Lease required. The court could have also reasonably concluded that the usufruct

---

[4] We recognize the well-settled principle that the district court's written reasons form no part of the judgment and that appellate courts review judgments, not reasons for judgment. *Wooley v. Lucksinger*, 09-0571, p. 77 (La. 4/1/11), 61 So.3d 507, 572. Even so, we are "entitled to use those reasons to gain insight into the district court's judgment." *Id.*, 09-0571, p. 77, 61 So.3d at 572.

10

terminated upon the happening of another condition. Once Karno 327 acquired

Lessor's interest in the Property, the usufruct encumbered the interest of a co-

owner (Karno 327), which the Usufruct Agreement prohibited. *See also* La. C.C.

art. 805. In the alternative, the district court could have believed that the usufruct

terminated, at the very latest, at the expiration of the five-year Lease term on

December 10, 2023. We find no abuse of discretion in the district court's grant of

declaratory judgment and no error in its findings that the Lease was invalid and the

usufruct terminated.

**Amendment of Judgment**

We must, however, amend the judgment in one respect. Olano and NEL

argue that La. C.C. art. 616 does not apply to the Act of Exchange. We agree,

though for a different reason. Article 616 governs the effect of a usufruct on

property subject to an exchange:

> When property subject to usufruct is sold or
> exchanged, whether in an action for partition or by
> agreement between the usufructuary and the naked owner
> or by a usufructuary who has the power to dispose of
> nonconsumable property, the usufruct terminates as to
> the nonconsumable property sold or exchanged, but as
> provided in Article 568.1,[5] the usufruct attaches to the
> money or other property received by the usufructuary,
> unless the parties agree otherwise. Any tax or expense
> incurred as the result of the sale or exchange of property

---

[5] La. C.C. art. 568.1 provides: "If a thing subject to the usufruct is donated inter vivos by the usufructuary, he is obligated to pay to the naked owner at the termination of the usufruct the value of the thing as of the time of the donation. If a thing subject to the usufruct is otherwise alienated by the usufructuary, the usufruct attaches to any money or other property received by the usufructuary. The property received shall be classified as consumable or nonconsumable in accordance with the provisions of this Title, and the usufruct shall be governed by those provisions subject to the terms of the act establishing the original usufruct. If, at the time of the alienation, the value of the property received by the usufructuary is less than the value of the thing alienated, the usufructuary is bound to pay the difference to the naked owner at the termination of the usufruct."

subject to usufruct shall be paid from the proceeds of the sale or exchange, and shall be deducted from the amount due by the usufructuary to the naked owner at the termination of the usufruct.

As Olano and NEL correctly point out, La. C.C. art. 616, cmt. (b) contemplates that "[t]his article is applicable to cases in which property subject to usufruct is converted into money or other property with the participation of the usufructuary." According to their argument, Article 616 does not apply to a transaction in which the usufructuary, NEL, does not participate.

The district court ruled, in relevant part:

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to La. Civil Code Article 616, the usufruct granted to N'Awlins Entertainment of Louisiana, Inc. (NEL) on 327 Bourbon Street is hereby dissolved on said property and transferred to whatever property Plaintiffs Raymond Palazzolo and Guy W. Olano Jr. acquired in the Act of Exchange of 2019 between Karno 327 Bourbon Real Estate, LLC whose sole member and manager was Billie Karno and the successors of Mrs. Rosemary Caracci.

For the reasons discussed above, we find the usufruct terminated and dissolved in its entirety, and that it is not transferred to or attached to any other property. We amend that portion of the judgment as follows:

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the usufruct granted to N'Awlins Entertainment of Louisiana, Inc. (NEL) on 327 Bourbon Street is hereby dissolved.

We affirm the judgment of the district court as amended.

## CONCLUSION

For the reasons set forth in this opinion, we amend the August 12, 2024 judgment of the district court, and we affirm the judgment as amended.

**AMENDED; AFFIRMED AS AMENDED**