PAUL A. BONIN, Judge.
11 Elderly Housing of America, Inc., and James S. Hotard, Jr., were cast in judgment for the principal amount of $9,461.20 following a trial on the merits. The judgment was rendered in favor of LCR-M Limited Partnership. Upon receipt of the notice of judgment, the corporation and Mr. Hotard timely filed a motion for new trial claiming that their counsel of record had not been notified of the date of trial. The trial judge, in denying the motion for new trial, observed that her minute clerk had mailed notice of trial. The plaintiff-partnership concedes that there is no documentary support for the trial judge’s observation.
Upon our review of the record, we conclude that not only does the record not support the trial judge’s finding concerning any mailing by her minute clerk, but to the contrary the record establishes that *671 the plaintiff-partnership’s counsel was served with notice of trial and that the defendants’ counsel was not served with the notice of trial. Considering that adequate notice of the date and time of the trial is a right fundamental to procedural due process, we conclude that the trial judge abused her discretion in not granting the defendants’ motion for new trial and | gvacate the judgment rendered in this matter on December 21, 2012. We remand the proceedings for a new trial.
We turn now to explain our decision in greater detail.[1]
I
LCR-M is a plumbing supply firm which does business under the trade name The Plumbing Warehouse and Tammany Supply. It alleged in its petition that Elderly Housing of America and Jim Hotard Properties, L.L.C., entered into a contract with James S. Hotard, Jr., for the renovation of their property located at 2217 Lapeyrouse Street in New Orleans. A portion of the work was subcontracted to National Economy Plumbers, Inc. LCR-M sold $9,461.20 worth of plumbing supplies to National Economy Plumbers. According to the terms of the contract, National Economy was obligated to pay the principal amount, a service charge of 18% per annum on all amounts not paid by the 25th day following the invoices date, and attorney’s fees if the debt is placed with an attorney for collection.
LCR-M was never paid for the supplies, but it alleged that Mr. Hotard was paid personally by the other defendants for his work on the project. Subsequently, LCR-M recorded a Statement of Claim or Privilege which it asserts meets the filing requirements of the Private Works Act, La. R.S. 9:4801 et seq. Later still, LCR-M filed suit against the three defendants requesting that: 1) its privilege in |Rthe defendants’ property be recognized; 2) defendants’ property be seized and sold to satisfy the debt owned; and 3) the trial court render a judgment in its favor in the amount of $9,461.20, plus interest, service charges, costs, and attorney’s fees. All the defendants filed an answer on September 24, 2012.
In October 2012, LCR-M began the process of setting its case for trial. In the section of First City Court to which this case was allotted, parties who desire a trial date must jointly select a number of available trial dates from a list furnished to them via a written form faxed by the minute clerk to the parties’ respective counsel. In this case, counsel jointly advised the court in writing that they were both available for trial on any of the following dates in December 2012: the 10th, 11th, or 12th.
Almost immediately, counsel for LCR-M filed a motion to set for trial on the merits and submitted a proposed order, which did not specify a trial date, but instead left the final trial-date selection for insertion or completion by the trial judge. Notably, however, plaintiffs counsel requested that the motion and order, when completed and signed, be served upon himself and oppos *672 ing counsel and furnished service directions.
The trial court then assigned this matter for trial on December 12, 2012, and signed the completed order. Apparently, based upon the order setting the trial date, the court’s staff prepared and filed a Notice of Trial, which also contained the trial date. There is no indication in the record (other than the city judge’s written reasons) that the Notice of Trial was mailed to any counsel.
|4The record, however, does include the sheriffs return from St. Tammany Parish, which documents that plaintiffs counsel was served on November 14, 2012 with the Notice of Trial. And, critically, the record includes the unserved return on the Notice of Trial which was directed to the defendants’ counsel. The unserved return states that on December 18, 2012 (six days after the trial) the Notice is being returned because “fees not paid for service, past court date.”
On December 12, 2012, the plaintiff appeared for trial and was represented by counsel; the defendants were absent and not represented. Prior to taking evidence, the trial judge stated on the record that notice of the trial was mailed to the defendants’ counsel on October 30, 2012, and that her staff had made several phone calls to defense counsel earlier that morning of trial but that they had received no response. The plaintiff presented two witnesses — its own general manager, and National Economy Plumbers’ president. At the close of evidence, the trial court ruled in favor of plaintiff and ordered the plaintiff to prepare a judgment. The subsequent judgment, signed on December 21, 2012, rendered judgment in favor of plaintiff and against Elderly Housing of America, L.L.C., and James S. Hotai'd, Jr., jointly, severally, and in solido for the principal amount of $9, 461, 20, plus legal interest, attorney’s fees, and costs. The judgment further recognized plaintiffs privilege over the defendants’ immovable property. Lastly, the December 21, 2012, judgment dismissed Jim Hotard Properties, L.L.C., without prejudice. On that same date, Notice of Judgment was mailed to the parties’ counsel.
|5The defendants filed a motion for new trial wherein they argued that the judgment rendered was clearly contrary to the law and the evidence because neither the defendants nor their counsel were served with notice of the trial. The trial court denied the defendants’ motion on January 3, 2013. In the order denying the defendants’ motion, the trial court observed that her minute clerk mailed a copy of the motion and order to set for trial on the merits to all counsel. The trial court further expressed the view that the law does not mandate that a notice of trial be served on the parties. Thereupon the trial court denied the defendants’ motion for new trial.
II
We turn now to explain why the trial judge’s view, as expressed in her written order denying the motion for new trial, that “the law does not mandate service of the trial date on either party” is mistaken.
A
We have previously expressed that adequate notice of trial prior to the trial is one of the most elementary requirements of procedural due process. See Chef Menteur Land Co., Ltd. v. Sandrock, 11-0497, p. 9 (La.App. 4 Cir. 10/19/11), 78 So.3d 146, 151 (citations omitted). “The trial of a case is unquestionably one of the meaningful occasions at which the parties must be given an opportunity to be heard, and adequate notice thereof is one of the most fundamental requirements of proce *673 dural due process.” Id. The precepts outlined in Chef Menteur Land Co. are not of recent vintage. In Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965), the Supreme Court was confronted with a petitioner who had lost his parental rights via an adoption proceeding initiated by his ex-wife and her new husband. The adoption proceeding occurred without notice or contradictory hearing. The petitioner sought 1 r,to vacate the order in the trial court and through the appropriate appellate process to no avail. The Supreme Court granted certiorari and, with respect to the notice issue, wrote: “In disposing of the first issue, there is no occasion to linger long. It is clear that failure to give the petitioner notice of the pending adoption proceedings violated the most rudimentary demands of due process of law.” Armstrong, 380 U.S. at 550, 85 S.Ct. 1187. It further observed that while “[m]any controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.” Id.
Accordingly, the Court further recognized that “an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Id. The Court also recognized that questions frequently arise as to the adequacy of a particular form of notice in a particular case. Nevertheless, “as to the basic requirement of notice itself there can be no doubt, where, as here, the result of the judicial proceeding was permanently to deprive a legitimate parent of all that parenthood implies.” Id. Although defendants in the present matter are confronted with a loss of property, rather than that of a child, the right to receive meaningful notice of trial is no less essential in this case as it was in Armstrong.
Based solely upon the record of these proceedings, we must conclude that the defendants did not receive notice of the December 12, 2012 trial date. During the course of our review of the record, we inquired of the parties to direct us to any 17document or notation which would support the trial judge’s statement that the minute clerk had mailed such notice. LCR-M conceded that there is no record support for the trial judge’s statement. Just as importantly, we cannot ignore that the record establishes service of the notice of trial on the plaintiffs counsel and also establishes that the same notice of trial was not served on the defendants’ counsel. Thus, the record in this matter does not support the trial court’s conclusion that the defendants received notice of the trial date.
LCR-M argues that the defendants’ counsel’s participation in the trial-date selection process constitutes adequate notice. We cannot accept that argument where, as here, multiple dates were jointly selected, and it was obviously understood that at least one of the parties was required to file a motion to set for trial to obtain an actual trial date.
B
The trial judge also found that the defendants’ were not entitled to notice of trial because they had failed to file a request for notice of trial under La. C.C.P. art. 1572.[2] Again, this is mistaken. Arti *674 cle 1572 is not the statutory source that a party or his counsel is entitled to notice of trial. Except where otherwise provided in Book VII of the Louisiana Code of Civil Procedure pertaining to trial courts of limited jurisdiction, such as First City Court, civil proceedings in trial courts of limited jurisdiction “shall be governed as far as practicable by the other provisions of this Code.” La. C.C.P. art. 4831. Thus, because there is no specific provision |sregarding providing notice of trial in Book VII, the general provision applicable to the district courts is applied mutatis mutandis. That provision requires that the court shall provide by rule a procedure for assigning cases for trial which “shall ... require adequate notice of trial to all parties”. La. C.C.P. art. 1571 A(l)(a). Rule 10, Section 4(b) of the Rules of the First City Court of the City of New Orleans (West 2013) acknowledges by implication the requirement of sendee of notice of trial by dispensing with such notice only in cases “where there is agreement by both parties on the trial date and all parties require that no service of notice of trial is needed.” Of course, the parties in this matter had not agreed that service of the notice of trial was unnecessary.
Generally, it is sufficient to supply notice of trial by ordinary mail only. See Coleman E. Adler & Sons, Inc. v. Waggoner, 538 So.2d 1131, 1132 (La.App. 5 Cir.1989). When, however, a party invokes the benefits of Article 1572 by requesting written notice, he is entitled to notice “by certified mail.” La. C.C.P. art. 1572. See comment (a) to La. C.C.P. art. 1571 (“Adequate notice is a minimum requirement for reasons of due process. Except as provided in Art. 1572, infra, no particular type or kind of notice is required, since the matter is to be regulated by the local rules of court.”) Thus, by not filing a request for notice of trial under Article 1572, a party is merely unable to insist upon receiving such notice by certified mail. The fact then that the defendants here did not file a request for notice under Article 1572 is, contrary to the city judge’s view, of no moment to their right to receive adequate notice of trial.
C
We conclude, therefore, that the defendants’ procedural due process rights were violated by the rendition of the money judgment against them on December |912, 2012, because there is no record support for a finding by the trial judge that the defendants were given notice of trial.
Ill
Because their due process rights were violated, the trial court should have granted the defendants’ motion for new trial. “A new trial shall be granted ... [w]hen the verdict or judgment appears clearly contrary to the law and the evidence.” La. C.C.P. art. 1972(1). A new trial should be ordered when “the judgment would result in a miscarriage of justice.” Lamb v. Lamb, 430 So.2d 51, 53 (La.1983). The applicable standard of review in ruling on a motion for new trial is whether the trial court abused its discretion.[3] Joseph v. Broussard Rice Mill, Inc. *675 00-06328, p. 15 (La.10/30/00), 772 So.2d 94, 104. The abuse of discretion standard is highly deferential, but a court necessarily abuses its discretion if its ruling is based on an erroneous view of the law. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) and Doe v. Louisiana Bd. of Ethics, 12-1169, p. 2 (La.App. 4 Cir. 3/13/13), 112 So.3d 339, 341; see also United States v. Taylor, 487 U.S. 326, 336, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988) (noting that discretionary choices are not left to a court’s inclination, but to its judgment, which is guided by sound legal principles).
The trial court’s refusal to grant the defendants’ motion for new trial was based on a mistaken understanding of the applicable law. The defendants’ opportunity to be heard is a fundamental right that must be accorded them. The | intrial court could have secured this right to the defendants by granting their motion for new trial and reconsidering the matter.
Additionally, La. C.C.P. art. 2004, provides a basis to nullify a judgment when it was obtained by ill practices.[4] The criteria to determine whether a judgment has been obtained by ill practice are (1) when the circumstances under which the judgment was rendered shows the deprivation of legal rights of the litigant who seeks relief and (2) when the enforcement of the judgment would be unconscionable and inequitable. See Kem Search Inc. v. Sheffield, 434 So.2d 1067 (La.1983). The court stated: “the article is not limited to cases of actual fraud or intentional wrong doing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.” Id. at 1070. Therefore, fundamental fairness and procedural due process require that this judgment be set aside because the appellant did not receive reasonable written notice of the trial date.
DECREE
We vacate the trial court’s judgment of December 21, 2012 and remand this matter to the trial court for a new trial.
VACATED AND REMANDED.

. The defendants assigned three other errors: 1) the trial court erred in granting a judgment against the defendants when neither party was identified in the Statement of Claim or Privilege under the Private Works Act that was recorded by the plaintiff; 2) the trial court erred in granting a judgment against the defendants when the lien affidavit recorded by the plaintiff did not itemize the materials supplied or the services rendered by the plaintiff, and 3) the trial court erred in denying the motion for new trial without a contradictory hearing. Having found merit in a single assignment which requires us to vacate the complained-of judgment, we pretermit any consideration of these other assignments.

. La. C.C.P. art. 1572 reads:
The clerk shall give written notice of the *674 date of the trial whenever a written request therefor is filed in the record or is made by registered mail by a party or counsel of record. This notice shall be mailed by the clerk, by certified mail, properly stamped and addressed, at least ten days before the date fixed for the trial. The provisions of this article may be waived by all counsel of record at a pre-trial conference.

. This standard of review is also discussed in La. C.C.P. art. 1971 Official Revision Comment (d) ("Although the trial court has much discretion regarding applications for new trial, in a case of manifest abuse the appellate *675 court will not hesitate to set the trial court’s ruling aside, or grant a new trial when timely applied for.”).

. As noted by the Second Circuit in Osborne v. McKenzie, 42,359, p. 8 (La.App. 2 Cir. 8/15/07), 962 So.2d 501, 505, "the courts have treated judgments rendered with a lack of notice of trial as nullities under La. C.C.P. art. 2004, and such nullity may be noticed on direct appeal of the judgment without the need for a separate action of nullity.”