| GEORGE KELLETT & SONS, INC. | * | NO. 2023-CA-0186 |
|---|---|---|
| | * | COURT OF APPEAL |
| VERSUS | | |
| | * | FOURTH CIRCUIT |
| LUCAS & SONS BUILDERS, ARTHUR LUCAS, DARRELL LUCAS AND SHANE LUCAS | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 45-573, DIVISION "B"
Honorable Michael D. Clement,
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

Jason R. Anders
ANDERS LAW FIRM, LLC
650 Poydras Street
Suite 1400
New Orleans, LA 70130

    COUNSEL FOR PLAINTIFF/APPELLANT

R. A. Osborn, Jr.
OSBORN & OSBORN
1120 Engineers Rd.
Belle Chasse, LA 70037

J. William Starr
ATTORNEY AT LAW
3505 Lake Kristin Drive
Gretna, LA 70056

    COUNSEL FOR DEFENDANT/APPELLEE

        **VACATED AND REMANDED**
        **NOVEMBER 28, 2023**

SCJ
TFL
RDJ

George Kellett & Sons, Inc. ("Kellett") appeals the trial court's December 22, 2022 judgment, annulling the April 3, 2000 default judgment, and awarding a judgment in favor of Lucas & Sons Builder, Arthur Lucas, Darrell Lucas, and Shane Lucas (the "Lucas parties"). The judgment further awarded Darrell Lucas and Shane Lucas $1,987,344.00 and $2,751,475.01, respectively, for past loss of income, loss of future income, and general damages. For the reasons assigned, we vacate the trial court's judgment of December 22, 2022 and remand this matter to the trial court for a new trial.

## FACTS AND PROCEDURAL HISTORY

This matter involves a claim for nullity of a default judgment obtained by Kellett. On January 26, 2000, Kellett filed a petition against the Lucas parties, alleging that they owed $16,529.10 for lumber and building supplies that Kellett furnished to them.

1

On February 29, 2000, Kellett filed a motion for preliminary default judgment. Thereafter, on April 3, 2000, the trial court signed a default judgment in favor of Kellett in the amount of $16,529.10, including conventional interest accruing at a rate of one and one-half percent per month on each overdue invoice until paid, and twenty-five percent in attorney's fees.

On January 12, 2001, Kellett filed a supplemental and amending petition, adding Eugene Buras and Larry Buras (the "Buras defendants") as defendants. Kellett alleged that it furnished lumber and building supplies in the amounts of $10,265.37 and $3,294.64 to Lucas & Sons Builder for the construction of properties owned by the Buras defendants. The Buras defendants provided evidence of prior payments to Kellett and were dismissed from the suit with prejudice.

In 2005, Kellett filed judgment debtor motions, seeking to collect $16,529.10 from the Lucas parties. On July 25, 2011, Darrell Luas and Shane Lucas filed a petition for nullity of the April 3, 2000 judgment, alleging that the judgment was collected against Darrell Lucas, and also collected against Arthur Lucas through restitution as result of a conviction for contractor fraud. Darrell Lucas and Shane Lucas further alleged fraud and ill practice against Kellett, and sought damages and a return of the duplicate funds paid to Kellett.

On December 1, 2022, the trial court held a bench trial, whereas Darrell Lucas and Shane Lucas appeared for trial and were represented by counsel, and Kellett was absent and not represented. The trial court signed a judgment on

December 22, 2022, annulling the April 3, 2000 default judgment, and awarding a judgment in favor of Darrell Lucas and Shane Lucas in the amounts of $1,987,344.00 and $2,751,475.01, respectively, for past loss of income, loss of future income, and general damages.

On January 4, 2023, Kellett filed a motion for new trial. The trial court denied the motion for new trial on January 6, 2023. On January 19, 2023, Kellett filed a petition for suspensive appeal. Thereafter, on February 16, 2023, Kellett filed a motion to convert the suspensive appeal to a devolutive appeal. This appeal follows.

**DISCUSSION**

Kellett argues that the trial court erred when it proceeded to trial when Kellett was unrepresented, and the notice of trial was solely provided to a former counsel that was ineligible to practice law. Kellett further argues that the trial court erred when it denied its motion for new trial.[1]

*Notice of Trial*

Kellett argues that it was deprived of due process because it was not given adequate notice of the trial date. Kellett contends that notice was only provided to its former counsel who was ineligible to practice law.

---

[1] Kellett lists seven assignments of error: 1) the trial court committed reversible error when it proceeded to trial even though Kellett was unrepresented, and the only notice of trial had been provided to a former attorney who was ineligible to practice law; 2) the trial court erred by effectively rendering a default judgment without compliance with the statutory requirements for default proceedings; 3) the trial court erred when it proceeded to trial without a party it had ruled was indispensable to the case; 4) the trial court erred when it denied the motion for new trial; 5) the trial court erred by relying on an expert report that was speculative and unreliable; 6) plaintiffs-in-reconvention failed to establish that the default judgment, or any action of Kellett, was the cause-in-fact of their alleged damages; and 7) the damage award to the plaintiffs-in-reconvention, including general damage award was excessive.

In *LCR-M Limited Partnership v. Jim Hotard Properties, L.L.C.*, 2013-0483 (La. App. 4 Cir. 10/9/13), 126 So.3d 668, this Court reviewed whether adequate notice of trial was provided to the defendants prior to conducting trial on the merits and rendering a judgment in favor of the plaintiff. This Court observed that there was "no indication in the record (other than the city judge's written reasons) that the Notice of Trial was mailed to any counsel" and the record contained an unserved return on the Notice of Trial which was directed to the defendants' counsel. *LCR-M Limited Partnership*, 2013-0483, pp. 3-4, 126 So.3d at 672. The Court further observed that the plaintiff appeared for trial and was represented, but the defendants were absent and not represented. *Id.* at p. 4, 126 So.3d at 672. This Court provided:

> We have previously expressed that adequate notice of trial prior to the trial is one of the most elementary requirements of procedural due process. *See Chef Menteur Land Co., Ltd. v. Sandrock*, [20]11-0497, p. 9 (La.App. 4 Cir. 10/19/11), 78 So.3d 146, 151 (citations omitted). "The trial of a case is unquestionably one of the meaningful occasions at which the parties must be given an opportunity to be heard, and adequate notice thereof is one of the most fundamental requirements of procedural due process." *Id.*

*Id.* at p. 5, 126 So.3d 672-73. The Court rejected the plaintiff counsel's argument that "the defendants' counsel's participation in the trial-date selection process constitutes adequate notice," as there were multiple dates jointly selected, and it was understood that at least one of the parties was required to file a motion to set for trial to obtain an actual trial date. *Id.* at p. 7, 126 So.3d 673. The Court found that because the defendants' due process rights were violated, the trial court should have granted the defendants' motion for new trial. *Id.* at p. 9, 126 So.3d 674.

In the present matter, the trial court issued a scheduling order on March 21, 2022, directing that all counsel of record be served by certified mail. The record

4

provides that notice of trial was issued on March 22, 2022, to all counsel of record, including Kellett's former counsel, Mr. F Victor Hastings.

Similar to the plaintiff in *LCR-M Limited Partnership*, the Lucas parties contend that notice was adequate and proper because Mr. Hastings attended the pre-trial conference, during which the trial date was selected. We disagree. Like the defendant in *LCR-M Limited Partnership*, Kellett was absent and unrepresented at trial. Further, at trial, the trial court provided:

> All right. I need the -- the record to be clear that the defendants in reconvention did not appear. Their attorney was properly served and…through research done by this Court, their -- the certified mail did go to a former address or an address that was listed by the counsel of record who no longer practices. He is disqualified. He is ineligible to practice and has been ineligible since June of -- 2019? 2020? I didn't write the date down. But, in any event, the service was – was proper; and, so, this matter is going forward as a default proceeding.

There is no indication in the record that notice of trial was issued directly to Kellett. "[A]dequate notice of trial prior to the trial is one of the most elementary requirements of procedural due process." *LCR-M Limited Partnership*, 2013-0483, p. 5, 126 So.3d at 672 (citing *Chef Menteur Land Co., Ltd.*, 2011-0497, p. 9, 78 So.3d at 151). Accordingly, we find that Kellett's procedural due process rights were violated as it relates to notice of trial.

### Motion for New Trial

Next, we address the trial court's denial of Kellett's motion for new trial. A new trial should be ordered "[w]hen the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice." *Pitts v. Louisiana Med. Mut. Ins. Co.*, 2016-1232 (La. 3/15/17), 218 So. 3d 58, 65. Pursuant to La. C.C.P. art. 1972(1), "[a] new trial shall be granted… [w]hen the verdict or judgment appears clearly contrary to the law and the evidence." An

appellate court reviews a trial court's ruling on a motion for new trial under an abuse of discretion standard. *FIE, LLC v. New Jax Condo Ass'n, Inc.*, 2016-0843, p. 22 (La. App. 4 Cir. 2/21/18), 241 So. 3d 372, 391.

As noted by the trial court, Kellett was not present for trial and its counsel was ineligible to practice law. A "fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Cmty. Assocs., Inc. v. Taylor*, 2019-0242, p. 6 (La. App. 4 Cir. 7/31/19), 364 So. 3d 1, 5 (quoting *Cent. Properties v. Fairway Gardenhomes, LLC*, 2016-1855, p. 8 (La. 6/27/17), 225 So.3d 441, 447). In light of finding that Kellett's due process rights were violated, we find that the trial court abused its discretion in denying Kellett's motion for new trial.

## CONCLUSION

For these reasons assigned, we vacate the trial court's December 22, 2022 judgment and remand this matter to the trial court for a new trial.

**VACATED AND REMANDED**

6