| | | |
|---|---|---|
| JON LOY, INC. | * | NO. 2023-CA-0645 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| TERRIE L. ALLEN | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-00098, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott)

**ON APPLICATION FOR REHEARING**

James E. Uschold
Mark J. Boudreau
Paul W. Pritchett
JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130

    COUNSEL FOR PLAINTIFF/APPELLEE


Irl R. Silverstein
THE SILVERSTEIN LAW FIRM, APLC
3324 N. Causeway Blvd., Suite 200
Metairie, LA 70002


    COUNSEL FOR DEFENDANT/APPELLANT



        **REHEARING GRANTED;**
    **APRIL 18, 2024 OPINION AFFIRMED**

              **MAY 7, 2024**

NEK

DLD

TGC

Appellee, Jon Loy, Inc. ("Jon Loy"), has filed an Application for Rehearing regarding this Court's April 18, 2024 opinion reversing the ruling on its motion for summary judgment. For the following reasons, we grant Jon Loy's Application for Rehearing for the limited purpose of clarifying our original opinion.

First, Jon Loy argues that this Court did not have jurisdiction to consider the trial court's ruling on its motion for summary judgment because the Appellant, Terrie Allen ("Allen"), did not appeal that judgment.[1] While Allen only sought an appeal from the judgment denying her motion for new trial, this did not preclude the Court from considering Jon Loy's motion for summary judgment because a ruling on a motion for new trial requires an analysis of the underlying judgment on which the motion is based.

A new trial may be granted on peremptory or discretionary grounds. *Autin v. Voronkova*, 2015-0407, p. 3 (La. App. 4 Cir. 10/21/15), 177 So. 3d 1067, 1069. The appellate court reviews a ruling on a motion for new trial under an abuse of discretion standard, and a trial court "abuses its discretion if its ruling is based on

---

[1] Allen's Motion for Suspensive Appeal provided that she was granted an appeal from the judgment denying her motion for new trial and confirming the summary judgment rendered in favor of Jon Loy.

1

an erroneous view of the law." *Id*. at p. 4, 177 So. 3d at 1070 (quoting *LCR–M Ltd. P'ship v. Jim Hotard Properties, L.L.C.*, 2013–0483, p. 9 (La. App. 4 Cir. 10/9/13), 126 So. 3d 668, 675). In this case, Allen sought a new trial on peremptory grounds under La. C.C.P. art. 1972, which provides that a new trial shall be granted when the judgment appears clearly contrary to the law and the evidence. For the reasons discussed in our previous opinion, the trial court erred in granting the motion for summary judgment. Consequently, it also erred in denying the motion for new trial as summary judgment had not been proper.

Second, Jon Loy argues that this Court erred in concluding that the tax sale certificate contained a contradiction because Allen did not raise the issue in her appeal. However, under a *de novo* review, we are required to look at all the evidence considered by the trial court, without deference to the trial court's judgment or reasons, and determine whether the evidence shows that the mover is entitled to summary judgment as a matter of law. *See Jessie v. Wendy's Co.*, 22-156, p. 4 (La. App. 5 Cir. 12/7/22), 356 So. 3d 467, 471 (quoting *Allday v. Newpark Square I Office Condo. Ass'n, Inc.*, 20-358, p. 8 (La. App. 5 Cir. 8/18/21), 327 So. 3d 566, 573).[2] We did just this. Even assuming for the sake of argument that there was no error in the tax sale certificate, we find that Allen met her burden of proof in opposing the summary judgment motion for the reasons stated in our previous opinion.

---

[2] "A *de novo* review 'involves examining the facts and evidence in the record, without regard or deference to the judgment of the trial court or its reasons for judgment.'"

2

Therefore, for the foregoing reasons, we grant Jon Loy's Application for Rehearing and maintain our April 18, 2024 opinion.

**REHEARING GRANTED;**
**APRIL 18, 2024 OPINION AFFIRMED**